UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JOHN MYERS,                           :     Case No. 07-CV-4078 (RJH) (GWG)

                    Plaintiff,   :

          - against -       :    **AMENDED**
                               **<u>ANSWER TO THE COMPLAINT</u>**

HSBC INVESTMENTS (USA) INC., HSBC   :
NORTH AMERICA HOLDINGS INC., HSBC
SECURITIES (USA) INC., HSBC FINANCE  :
CORPORATION, and HSBC HOLDINGS PLC,
                               :
                               :
                  Defendants.
-------------------------------------------------------------x

      Defendants HSBC INVESTMENTS (USA) INC. ("HSBC Investments"), HSBC NORTH AMERICA HOLDINGS INC. ("HSBC North America Holdings"), HSBC SECURITIES (USA) INC. ("HSBC Securities"), HSBC FINANCE CORPORATION ("HSBC Finance"), and HSBC HOLDINGS plc ("HSBC Holdings") (collectively hereinafter referred to as "HSBC Defendants"), by and through their attorneys, Schnader Harrison Segal & Lewis LLP for their Amended Answer to the Complaint state as follows:

## <u>ANSWER TO THE INTRODUCTORY ALLEGATIONS</u>

      1.     Deny each and every averment contained in Paragraph "1" of the Complaint, except admit that Plaintiff avers violations of various statutes and state that as they aver statements of law, no response is necessary.

      2.     Deny each and every averment contained in Paragraph "2" of the Complaint.

      3.     Deny each and every averment contained in Paragraph "3" of the Complaint, except admit that John Myers received a President's Award in 2005 and deny

knowledge or information sufficient to form a belief as to the truth of the allegation that Mr.

Myers was 59 years old when he learned that his employment with HSBC Investments would be

terminated.

4.      Deny each and every averment contained in Paragraph "4" of the

Complaint, except admit that on or about December 13, 2006, Steve Baker provided John Myers

with a letter dated December 12, 2006, and refer to the letter for its contents.

5.      Deny each and every averment contained in Paragraph "5" of the

Complaint, except admit that John Myers met and/or spoke with Steve Baker, Karen Ferris,

Joanna Munro and Andy Ireland regarding other positions within HSBC Securities and/or HSBC

Investments; and that John Myers asked to be considered to be Chief Investment Officer ("CIO")

of HSBC Investments, Head of Third Party Distribution or institutional sales manager of HSBC

Investments, Product Manager or Investment Specialist of HSBC Securities; refer to the job

description of the positions for an accurate statement of their duties and responsibilities; and

deny knowledge or information sufficient to form a belief as to whether Mr. Meyers was diligent

in seeking employment.

6.      Deny each and every averment contained in Paragraph "6" of the

Complaint, except admit that Mr. Myers expressed interest in becoming a Product Manager or

Investment Specialist of HSBC Securities.

7.      Deny each and every averment contained in Paragraph "7" of the

Complaint.

8.      Deny each and every averment contained in Paragraph "8" of the

Complaint.

PHDATA 3010376_1

9.      Deny each and every averment contained in Paragraph "9" of the Complaint and refer to the Employment Manual for its contents.

10.     Deny each and every averment contained in Paragraph "10" of the Complaint and refer to the Employment Manual for its contents.

11.     Deny each and every averment contained in Paragraph "11" of the Complaint and refer to the HSBC website for its contents.

12.     Deny each and every averment contained in Paragraph "12" of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Mr. Myers is 59 years old and state that the allegation that Mr. Myers is a "member of a protected class because he is over 40 years old" is a statement of law to which no response is necessary.

13.     Deny each and every averment contained in Paragraph "13" of the Complaint.

14.     Deny each and every averment contained in Paragraph "14" of the Complaint.

## PARTIES

15.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "15" of the Complaint.

16.     Admit the averments contained in Paragraph "16" of the Complaint.

17.     Deny each and every averment contained in Paragraph "17" of the Complaint, except admit that HSBC North America Holdings has its principal place of business

in Prospect Heights, Illinois and state that HSBC North America Holdings is the indirect parent
of HSBC Securities and HSBC Investments.

18.     Deny each and every averment of Paragraph "18" of the Complaint,
except admit that HSBC Securities has its principal place of business at 452 Fifth Avenue, New
York, New York.

19.     Deny each and every averment contained in Paragraph "19" of the
Complaint and state that HSBC North America Holdings is the indirect parent of HSBC Finance,
and that the principal place of business of HSBC Finance is located in Prospect Heights, Illinois.

20.     Deny each and every averment contained in Paragraph "20" of the
Complaint, except admit that HSBC Holdings plc has more than 10,000 offices in 82 countries,
is the ultimate parent of all North American HSBC entities and has its principal place of business
in London, England.

21.     State that the averments in Paragraph "21" of the Complaint do not require
a response.

## JURISDICTION AND VENUE

22.     Deny each and every averment contained in Paragraph "22" of the
Complaint, and state that as the averments are statements of law, no response is necessary.

23.     Deny each and every averment contained in Paragraph "23" of the
Complaint, and state that as the averments are statements of law, no response is necessary

24.     Deny knowledge or information sufficient to form a belief as to the truth
of the averments contained in Paragraph "24" of the Complaint.

PHDATA 3010376_1

## JURY DEMAND

25.    State that the averments contained in Paragraph "25" of the Complaint do not require a response.

## STATEMENT OF FACTS

26.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "26" of the Complaint, except admit that Mr. Myers commenced his employment with HSBC Investments, formerly known as HSBC Asset Management Americas, Inc., on June 22, 1999.

27.    Deny each and every averment contained in Paragraph "27" of the Complaint, except admit that Mr. Myers commenced employment with HSBC Asset Management Americas Inc. as Chief Executive Officer and served as a member of the Global Management Committee, and refer to the job description of the position for an accurate statement of its duties and responsibilities.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "28" of the Complaint, except admit that John Myers countersigned an offer letter dated May 29, 1999 from Susie Babani ("Offer Letter") and refer to the Offer Letter for its contents.

29.    Deny each and every allegation contained in Paragraph "29" of the Complaint and refer to the Offer Letter for its contents.

30.    Deny each and every averment contained in Paragraph "30" of the Complaint and refer to the Offer Letter for its contents.

PHDATA 3010376_1

31.     Deny each and every averment contained in Paragraph "31" of the Complaint, refer to the Offer Letter for its contents, and admit that in 2002 Mr. Myers became Head of Retail Sales of HSBC Asset Management at which time his base salary decreased.

32.     Deny each and every averment contained in Paragraph "32" of the Complaint, except admit that Mr. Myers' compensation decreased when he became Head of Retail Sales and deny knowledge or information sufficient to form a belief as to Mr. Myers' reasoning.

33.     Deny each and every averment contained in Paragraph "33" of the Complaint, except admit that Mr. Myers received the President's Club award in 2005 and refer to performance evaluations and payroll data for an accurate statement of their contents.

34.     Deny knowledge or information sufficient to form a belief as to the averments contained in Paragraph "34" of the Complaint.

35.     Deny each and every averment contained in Paragraph "35" of the Complaint and refer to August 16, 2006 feedback report for its contents.

36.     Deny each and every averment contained in Paragraph "36" of the Complaint, except admit that in or about December 2005, Plaintiff initiated a conversation with Mr. Baker regarding the possibility of Mr. Myers assuming a different role within HSBC, and deny knowledge or information sufficient to form a belief as to how many children Plaintiff has fathered.

37.     Deny each and every averment contained in Paragraph "37" of the Complaint.

PHDATA 3010376_1

38.    Deny each and every averment contained in Paragraph "38" of the Complaint.

39.    Deny each and every averment contained in Paragraph "39" of the Complaint, except admit that Mr. Baker notified Mr. Myers on or about December 11, 2006 that Mr. Myers' employment with HSBC Investments was being terminated and that, at the time, Mr. Myers was Head of Intermediary Sales of HSBC Investments.

40.    Deny each and every averment contained in Paragraph "40" of the Complaint, except admit that Mr. Baker notified Mr. Myers on or about December 11, 2006 that Mr. Myers' employment with HSBC Investments was being terminated, that the employment of all of the members of Intermediary Sales team were being terminated, and refer to the letter dated December 12, 2006 ("Termination Letter") for the terms and conditions of Mr. Myers' separation from employment.

41.    Deny each and every averment contained in Paragraph "41" of the Complaint.

42.    Deny each and every averment contained in Paragraph "42" of the Complaint, except admit that Mr. Baker informed Mr. Myers that HSBC Investments was considering a Third Party Distribution initiative.

43.    Deny each and every averment contained in Paragraph "43" of the Complaint, except admit that Plaintiff expressed an interest in becoming the Head of Third Party Distribution.

44.    Deny each and every averment contained in Paragraph "44" of the

PHDATA 3010376_1

Complaint.

45.     Deny each and every averment contained in Paragraph "45" of the Complaint, except admit that Steve Baker informed John Myers and the Intermediary Sales team of HSBC Investments in a meeting held on or about December 11, 2006 that there would be Investment Specialist positions opening in HSBC Securities, that they should consider applying for those positions and that the manager of those positions had not yet been hired.

46.     Deny each and every averment contained in Paragraph "46" of the Complaint.

47.     Deny each and every averment contained in Paragraph "47" of the Complaint.

48.     Deny each and every averment contained in Paragraph "48" of the Complaint, and refer to the email dated December 11, 2006 email for its contents.

49.     Deny each and every averment contained in Paragraph "49" of the Complaint, except admit that Mr. Myers received a letter dated December 12, 2006 notifying him that his employment with HSBC Investments would be terminated effective January 27, 2007.

50.     Deny each and every averment contained in Paragraph "50" of the Complaint, except admit that Mr. Myers and Mr. Baker had a meeting in or about on December 13, 2006 in which Mr. Myers expressed an interest in being considered as Chief Investment Officer ("CIO") of HSBC Investments, Product Manager of HSBC Securities supervising the Investment Specialists and an Investment Specialist in HSBC Securities.

PHDATA 3010376_1

51.    Deny each and every averment contained in Paragraph "51" of the Complaint.

52.    Deny each and every averment contained in Paragraph "52" of the Complaint and refer to the Employment Manual for its contents.

53.    Deny each and every averment contained in Paragraph "53" of the Complaint and refer to the Employment Manual for its contents.

54.    Deny each and every averment contained in Paragraph "54" of the Complaint and refer to the Employment Manual for its contents.

55.    Deny each and every averment contained in Paragraph "55" of the Complaint.

56.    Deny each and every averment contained in Paragraph "56" of the Complaint, except admit that a Local Management Committee meeting was held on or about December 19, 2006.

57.    Deny each and every averment contained in Paragraph "57" of the Complaint, except admit that in or about December 21, 2006, Mr. Myers was interviewed by Joanna Munro for the CIO position of HSBC Investments over the telephone.

58.    Deny each and every averment contained in Paragraph "58" of the Complaint, except admit that Mr. Myers interviewed to be Product Manager of HSBC Securities with Mr. Ireland in or about December 22, 2006.

59.    Deny each and every averment contained in Paragraph "59" of the Complaint, except admit that Mr. Myers and Bruce Pflug discussed the possibility of a Third

Party Distribution initiative, and that Mr. Myers sent Mr. Baker an email on January 4, 2007

regarding the subject of "Third Party Distribution" and refer to the email for its contents.

      60.    Deny each and every averment contained in Paragraph "60" of the

Complaint, except admit that Mr. Baker sent Mr. Myers an email on January 6, 2007 regarding

"Third Party Distribution" and refer to the email for its contents.

      61.    Deny each and every averment contained in Paragraph "61" of the

Complaint, except admit that the position of Head of Third Party Distribution has not been filled

and that Mr. Baker spoke with Steven Plump regarding the position from time to time.

      62.    Deny each and every averment contained in Paragraph "62" of the

Complaint, except admit that Mr. Myers spoke with Joanna Munro, Oliver Gayno, Leon

Goldfeld, Andy Ireland and Bruce Pflug about possible employment within HSBC.

      63.    Deny each and every averment contained in Paragraph "63" of the

Complaint, except admit that Mr. Myers was asked to provide input for the job descriptions of an

Investment Specialist by Thuy Nguyen.

      64.    Deny knowledge or information sufficient to form a belief as to the truth

of the averments contained in Paragraph "64" of the Complaint.

      65.    Deny each and every averment contained in Paragraph "65" of the

Complaint, except admit that Mr. Myers met with Mr. Ireland regarding the Product Manager

position at HSBC Securities and that the Product Manager is responsible for hiring Investment

Specialists.

      66.    Deny each and every averment contained in Paragraph "66" of the

PHDATA 3010376_1

Complaint and refer to the January 18, 2007 email for its contents.

67. Deny each and every averment contained in Paragraph "67" of the Complaint and refer to the January 19, 2007 announcement for its contents.

68. Deny each and every averment contained in Paragraph "68" of the Complaint and refer to the September 11, 2006 review for its contents.

69. Deny each and every averment contained in Paragraph "69" of the Complaint and refer to the Intermediary Sales Report for its contents.

70. Deny each and every averment contained in Paragraph "70" of the Complaint.

71. Deny each and every averment contained in Paragraph "71" of the Complaint, except admit that, in a settlement conversation over the telephone Richard Palmer informed counsel to Mr. Myers that Mr. Myers was not considered a "good leaver" under the terms of HSBC's Restricted Share Plan.

72. Deny each and every averment contained in Paragraph "72" of the Complaint, except admit that John Schiro became Vice President, Business Development, Financial Intermediaries of HSBC Investments in April 2007.

73. Deny each and every averment contained in Paragraph "73" of the Complaint, except admit that Mr. Schiro was hired as Vice President, Business Development, Financial Intermediaries by HSBC Investments.

74. Deny each and every averment contained in Paragraph "74" of the Complaint, except admit that Jim Detmer commenced employment on or about January 31, 2007

as a Senior Vice President, Product Management and Development Strategy of HSBC Securities and that HSBC Securities issued an announcement concerning Mr. Detmer's employment and refer to the "announcement" for its contents.

75.    Deny each and every averment contained in Paragraph "75" of the Complaint, except admit that Mr. Myers interviewed for an Investment Specialist position with Mr. Detmer.

76.    Deny each and every averment contained in Paragraph "76" of the Complaint, except admit that Mr. Myers was notified that he would not be hired as an Investment Specialist for HSBC Securities, except denies knowledge or information sufficient to form a belief as to Mr. Myers' or Mr. Detmer's specific experience prior to employment by an HSBC entity.

77.    Deny each and every averment contained in Paragraph "77" of the Complaint, except admit that Simona Paravani is the Chief Investment Officer of HSBC Investments.

78.    Deny each and every averment contained in Paragraph "78" of the Complaint, except admit that Richard Palmer called counsel to Mr. Myers in response to his February 12, 2007 letter and that they discussed the content of the letter and settlement of the claims made therein.

79.    Deny each and every averment contained in Paragraph "79" of the Complaint, except admit that Richard Palmer called counsel to Mr. Myers in response to his February 12, 2007 letter and that they discussed the content of the letter and settlement of the claims made therein.

PHDATA 3010376_1

80.     Deny each and every averment contained in Paragraph "80" of the Complaint, except admit that Richard Palmer called counsel to Mr. Myers in response to his February 12, 2007 letter and that they discussed the content of the letter and settlement of the claims made therein.

81.     Deny each and every averment contained in Paragraph "81" of the Complaint, except admit that Richard Palmer called counsel to Mr. Myers in response to his February 12, 2007 letter and that they discussed the content of the letter and settlement of the claims made therein.

82.     Deny each and every averment contained in Paragraph "82" of the Complaint and refer to the Termination Letter for its contents.

83.     Deny each and every averment contained in Paragraph "83" of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Mr. Myers received an invoice as averred.

84.     Deny each and every averment contained in Paragraph "84" of the Complaint, except admit that Mr. Myers filed a Charge with the Equal Employment Opportunity Commission on or about February 28, 2007.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "85" of the Complaint.

86.     Deny each and every averment contained in Paragraph "86" of the Complaint, except admit that Mr. Palmer assured Mr. Myers' attorney that HSBC would pay for Mr. Myers' COBRA coverage through the end of March 2007.

PHDATA 3010376_1

87.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "87" of the Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "88" of the Complaint.

89.     Deny each and every averment contained in Paragraph "89" of the Complaint and refer to the April 2, 2007 email for its contents.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "90" of the Complaint, except admit that, after Plaintiff filed this Complaint, all communications concerning Mr. Myers occur through Defendants' litigation counsel.

91.     Deny each and every averment contained in Paragraph "91" of the Complaint, except deny knowledge or information sufficient to form a belief as to Mr. Myers' expectations.

## FIRST CAUSE OF ACTION

92.     Repeat and reaver Paragraphs "1" through "91" as if set forth fully herein.

93.     Deny each and every averment contained in Paragraph "93" of the Complaint.

94.     State that the averments contained in Paragraph "94" of the Complaint are statements of law to which no response is necessary.

95.     Deny each and every averment contained in Paragraph "95" of the

Complaint, except deny knowledge or information sufficient to form a belief as to Mr. Myers' age.

96.     Deny each and every averment contained in Paragraph "96" of the Complaint.

97.     Deny each and every averment contained in Paragraph "97" of the Complaint.

98.     Deny each and every averment contained in Paragraph "98" of the Complaint.

99.     Deny each and every averment contained in Paragraph "99" of the Complaint.

100.     Deny each and every averment contained in Paragraph "100" of the Complaint.

## SECOND CAUSE OF ACTION

101.     Repeat and reaver Paragraphs "1" through "100" as if set forth fully herein.

102.     Deny each and every averment contained in Paragraph "102" of the Complaint.

103.     Deny each and every averment contained in Paragraph "103" of the Complaint.

104.     Deny each and every averment contained in Paragraph "104" of the

Complaint.

105.    Deny each and every averment contained in Paragraph "105" of the Complaint.

## THIRD CAUSE OF ACTION

106.    Repeat and reaver Paragraphs "1" through "105" as if set forth fully herein.

107.    Deny each and every averment contained in Paragraph "107" of the Complaint.

108.    Deny each and every averment contained in Paragraph "108" of the Complaint.

109.    Deny each and every averment contained in Paragraph "109" of the Complaint.

110.    Deny each and every averment contained in Paragraph "110" of the Complaint.

## FOURTH CAUSE OF ACTION

111.    Repeat and reaver Paragraphs "1" through "110" as if set forth fully herein.

112.    Deny each and every averment contained in Paragraph "112" of the Complaint.

PHDATA 3010376_1

113.    Deny each and every averment contained in Paragraph "113" of the Complaint.

114.    Deny each and every averment contained in Paragraph "114" of the Complaint.

115.    Deny each and every averment contained in Paragraph "115" of the Complaint.

116.    Deny each and every averment contained in Paragraph "116" of the Complaint.

117.    Deny each and every averment contained in Paragraph "117" of the Complaint.

118.    Deny each and every averment contained in Paragraph "118" of the Complaint.

119.    Deny each and every averment contained in Paragraph "119" of the Complaint.

120.    Deny each and every averment contained in Paragraph "120" of the Complaint.

121.    Deny each and every averment contained in Paragraph "121" of the Complaint.

122.    Deny each and every averment contained in Paragraph "122" of the Complaint.

PHDATA 3010376_1

## FIFTH CAUSE OF ACTION

123.    Repeat and reaver Paragraphs "1" through "122" as if set forth fully herein.

124.    Deny each and every averment contained in Paragraph "124" of the Complaint.

125.    Deny each and every averment contained in Paragraph "125" of the Complaint.

126.    Deny each and every averment contained in Paragraph "126" of the Complaint.

127.    Deny each and every averment contained in Paragraph "127" of the Complaint.

128.    Deny each and every averment contained in Paragraph "128" of the Complaint.

129.    Deny each and every averment contained in Paragraph "129" of the Complaint.

130.    Deny each and every averment contained in Paragraph "130" of the Complaint.

131.    Deny each and every averment contained in Paragraph "131" of the Complaint.

PHDATA 3010376_1

## SIXTH CAUSE OF ACTION

132.    Repeat and reaver Paragraphs "1" through "131" as if set forth fully herein.

133.    Deny each and every averment contained in Paragraph "133" of the Complaint.

134.    Deny each and every averment contained in Paragraph "134" of the Complaint.

135.    Deny each and every averment contained in Paragraph "135" of the Complaint.

136.    Deny each and every averment contained in Paragraph "136" of the Complaint.

137.    Deny each and every averment contained in Paragraph "137" of the Complaint.

138.    Deny each and every averment contained in Paragraph "138" of the Complaint.

139.    Deny each and every averment contained in Paragraph "139" of the Complaint.

140.    Deny each and every averment contained in Paragraph "140" of the Complaint.

141.    Deny each and every averment contained in Paragraph "141" of the

PHDATA 3010376_1

Complaint.

142.    Deny each and every averment contained in Paragraph "142" of the Complaint.

## SEVENTH CAUSE OF ACTION

143.    Repeat and reaver Paragraphs "1" through "142" as if set forth fully herein.

144.    Deny each and every averment contained in Paragraph "144" of the Complaint.

145.    Deny each and every averment contained in Paragraph "145" of the Complaint.

146.    Deny each and every averment contained in Paragraph "146" of the Complaint.

147.    Deny each and every averment contained in Paragraph "147" of the Complaint.

148.    Deny each and every averment contained in Paragraph "148" of the Complaint.

149.    Deny each and every averment contained in Paragraph "149" of the Complaint.

150.    Deny each and every averment contained in Paragraph "150" of the Complaint.

PHDATA 3010376_1

151.    Deny each and every averment contained in Paragraph "151" of the Complaint.

152.    Deny each and every averment contained in Paragraph "152" of the Complaint.

## EIGHTH CAUSE OF ACTION

153.    Repeat and reaver Paragraphs "1" through "152" as if set forth fully herein.

154.    Deny each and every averment contained in Paragraph "154" of the Complaint.

155.    Deny each and every averment contained in Paragraph "155" of the Complaint.

156.    Deny each and every averment contained in Paragraph "156" of the Complaint.

157.    Deny each and every averment contained in Paragraph "157" of the Complaint.

## NINTH CAUSE OF ACTION

158.    Repeat and reaver Paragraphs "1" through "157" as if set forth fully herein.

159.    Deny each and every averment contained in Paragraph "159" of the Complaint.

PHDATA 3010376_1

160.    Deny each and every averment contained in Paragraph "160" of the Complaint.

161.    Deny each and every averment contained in Paragraph "161" of the Complaint.

162.    Deny knowledge or information sufficient to form a belief as to the averments contained in Paragraph "162" of the Complaint.

163.    Deny each and every averment contained in Paragraph "163" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim as to defendants HSBC North America Holdings Inc., HSBC Finance Corporation and HSBC Holdings plc.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of latches, waiver, estoppels and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or his recovery of damages should be reduced, because he failed to take reasonable steps to avoid or minimize his damages.

## EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate HSBC Defendants' rights under the 5th and 14th Amendments to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

HSBC Defendants are not liable to Plaintiff for the acts or omissions of any supervisory or managerial employee which were beyond the scope of employment.

## TENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers Compensation Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in the Complaint are barred in whole or in part because they exceed the scope of the averments he previously raised before the Equal Employment Opportunity Commission.

PHDATA 3010376_1

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims pursuant to sections 8-107 of the New York City Administrative Code (the "Code") are barred by Plaintiff's failure to comply with section 8-502(c) the Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no personal jurisdiction over one or more of the HSBC Defendants.

**WHEREFORE,** HSBC Defendants demand judgment dismissing the Complaint in its entirety with prejudice, together with attorneys' fees and costs and such other relief, as the Court deems just and equitable.

Dated: New York, New York
       September 19, 2007

SCHNADER HARRISON SEGAL & LEWIS LLP

By:
    M. Christine Carty (MCC-1796)
    Jane H. Kauh (JK-9298)
140 Broadway, Suite 3100
New York, NY 10005-1101
Telephone: 212-973-8000
Facsimile: 212-972-8798

*Attorneys for Defendants*

24

PHDATA 3010376_1

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007, I served a true and correct copy of Defendants' Amended Answer, by First Class Mail, addressed to the following:

Blair C. Fensterstock
Fensterstock & Partners LLP
30 Wall Street
New York, New York 10005
(212) 785-4100

Jane H. Kauh