UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOHN MYERS,                                    :    Case No. 07-CV-4078 (RJH) (GWG)

                          Plaintiff,      :

      - against -                            :    **CONFIDENTIALITY
                                                    STIPULATION AND ORDER**

HSBC INVESTMENTS (USA) INC., HSBC              :
NORTH AMERICA HOLDINGS INC., HSBC
SECURITIES (USA) INC., HSBC FINANCE            :
CORPORATION, and HSBC HOLDINGS PLC,
                                               :
                                               :
                        Defendants.
----------------------------------------------------------------x

[STAMP: RECEIVED NOV -2 2007 CHAMBERS OF RICHARD J. HOLWELL]

[STAMP: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 11/13/07]

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties to this action that the following provisions shall govern any documents and/or information that has been or will be produced in the action entitled, *John Myers v. HSBC Investments (USA) Inc., HSBC North America Holdings Inc., HSBC Securities (USA) Inc., HSBC Finance Corporation, and HSBC Holdings plc,* Case No. 07-CV-4078 (RJH) (GWG) (the "Action"), and designated CONFIDENTIAL MATERIAL by any one of the parties:

    1.    CONFIDENTIAL MATERIAL is any document, thing, testimony, or other information ("Material") that the producing, providing, or testifying person in good faith believes is confidential, proprietary, a trade secret or otherwise entitled to confidential protection, as well as all information contained therein or derived therefrom.

    2.    In connection with discovery and other proceedings in the Action, any party or any non-party producing or providing Material to any party in the Action may designate any such Material and all copies thereof as "CONFIDENTIAL MATERIAL" under the terms of this

Confidentiality Stipulation and Order ("Agreement").[1] Documents shall be designated as CONFIDENTIAL MATERIAL by stamping or marking each page of the document produced with the legend "CONFIDENTIAL."

3. For the purposes of this Agreement, the term "document" shall be construed broadly, and shall include all tangible written, recorded, or graphic material, in any form or media, whether produced or created by a party or another person, and whether produced pursuant to an order of the Court, by agreement, in any formal or informal discovery, deposition or hearing, or otherwise, and includes, without limitation, affidavits, interrogatory answers and responses, and any portion of any of the above, including without limitation any information stored in or through any computer system or other electronic or optical data storage device.

4. Testimony taken at a deposition, conference or court proceeding may be designated CONFIDENTIAL MATERIAL by making a statement to that effect on the record at the deposition or other proceeding that the entire transcript or a portion thereof shall be designated as such or, by providing written notification to all counsel of record of any such designation within 10 business days of the designating party's receipt of the transcript of the deposition or proceeding. If no designation of testimony as CONFIDENTIAL MATERIAL is made on the record at the deposition or other proceeding, all transcripts of such testimony shall be treated as CONFIDENTIAL MATERIAL during the 10 business day period for making such designations.

---

[1] The parties to this Agreement recognize that certain HSBC Material, including but not limited to financial information or projections or business plans, may require enhanced protection in addition to that provided by the designation of Material as CONFIDENTIAL MATERIAL. The parties agree to cooperate to provide such additional protection in an amended Agreement if requested, and that HSBC shall not be required to produce any such HSBC Material until the amended Agreement is executed and so ordered.

2

5. CONFIDENTIAL MATERIAL may be used only for purposes of the Action and for no other purpose.

6. In the event that a producing person discovers, after he or it has produced any Material, that it has inadvertently produced Material that was not designated or was not correctly or properly designated as CONFIDENTIAL MATERIAL, the producing person may rectify the omission by written notice specifically identifying the designated Material. Upon receipt of a written notice concerning inadvertent production of CONFIDENTIAL MATERIAL, the parties shall treat the Material as CONFIDENTIAL MATERIAL (as the case may be) under the terms of this Agreement. Any such notice should be followed promptly by the delivery or production of documents bearing the designation consistent with the notice. To be effective, a written notice contemplated by this paragraph shall be delivered at least five (5) business days before a deposition or thirty (30) days before trial.

7. In the event that a producing person discovers that it has inadvertently produced privileged Material up to the time of filing of any pretrial order in the Action, the production shall not constitute a waiver of the privilege and the producing person may correct that error at any time by written notice specifically identifying the privileged Material that was inadvertently produced. Upon receipt of a written notice concerning inadvertent production of privileged Material, the receiving party shall forthwith return to the producing person the originals and all copies of the privileged Material, delete any versions of the privileged Material stored in databases it maintains, and make no use of the privileged Material.

8. With the exception of documents and materials filed or submitted to the Court (not under seal), counsel for any party or producing non-party shall not disclose any CONFIDENTIAL MATERIAL, or any information contained therein, to any person except as

agreed in writing by the producing party or ordered by a Court of competent jurisdiction; provided, however, that counsel of record may disclose CONFIDENTIAL MATERIAL to the following persons ("CONFIDENTIAL MATERIAL Qualified Persons"):

> A. The Court before which the Action is pending and any Court personnel involved in the administration of the Action;
>
> B. Any individual party to the Action;
>
> C. Counsel to parties to the Action (including counsel who are employees of any party) or employees of counsel who are assisting counsel in the prosecution, defense, or settlement of the Action and whose duties require access to such Material;
>
> D. Experts or consultants retained by a party who are assisting counsel in the prosecution, defense or settlement of the Action, who are independent of and are not, and have not been, employees of any party, and whose responsibilities in connection with the Action require access to such Material;
>
> E. Witnesses (whether parties or non-parties) at any deposition or court proceeding of the Action;
>
> F. Employees, officers and directors of any corporate party to the Action whose access to the documents are deemed reasonably necessary in order to defend or prosecute the Action; and
>
> G. Court reporters and videographers recording depositions or court proceedings.

No person who receives any CONFIDENTIAL MATERIAL, or information contained therein, shall disclose such CONFIDENTIAL MATERIAL to any person or use such CONFIDENTIAL MATERIAL for any purpose not authorized by the terms of this Agreement. Each person who is

a "CONFIDENTIAL MATERIAL Qualified Person" to whom CONFIDENTIAL MATERIAL is to be disclosed (other than any CONFIDENTIAL MATERIAL Qualified Person identified in paragraphs 8(A) and 8(C) above), shall, prior to receiving such CONFIDENTIAL MATERIAL, be furnished with a copy of this Agreement, and shall execute an acknowledgment in the form appended to this Agreement as Exhibit A, verifying that he or she has read and understands the provisions of this Agreement, agrees to comply with them, and agrees not to provide any CONFIDENTIAL MATERIAL to any other person.

Counsel for the party seeking to disclose CONFIDENTIAL MATERIAL to any "CONFIDENTIAL MATERIAL Qualified Person" pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such acknowledgments. Upon any party showing proof of a leak of any confidential information, the other party shall produce such acknowledgments. However, under no circumstances, shall either party be required to produce acknowledgements of non-testifying experts.

With respect to any deposition witness who is shown CONFIDENTIAL MATERIAL, counsel for the party disclosing the CONFIDENTIAL MATERIAL shall advise the witness of the requirements of this Agreement, and the witness shall, prior to receiving such CONFIDENTIAL MATERIAL, affirm his or her knowledge of his or her obligations under this Agreement, shall acknowledge that he or she is subject to the jurisdiction of the Court in the event of his or her failure to comply with the Agreement, and shall execute an acknowledgment in the form appended to this Agreement as Exhibit A.

9. Except as provided in Paragraph 8, if any portion of a deposition, hearing or any other proceeding in the Action is designated by any party as CONFIDENTIAL MATERIAL pursuant to this Agreement, only counsel and CONFIDENTIAL MATERIAL Qualified Persons

may be present during such portion. Any party designating material as CONFIDENTIAL MATERIAL may exclude from the room any person who is not a CONFIDENTIAL MATERIAL Qualified Person.

10. Notwithstanding the terms of Paragraph 8, a document designated as CONFIDENTIAL MATERIAL may be shown to those persons, which the document indicates on its face, was the author of it, was the addressee of it, or was a "cc" of it, even if the person does not execute a copy of this Agreement. However, in these circumstances such documents still shall be treated by the party or person receiving such documents as CONFIDENTIAL MATERIAL in accordance with this Agreement.

11. Nothing herein shall impose any restrictions on a party or non-party from disclosing its own CONFIDENTIAL MATERIAL as it deems appropriate.

12. Counsel and any other authorized recipient of CONFIDENTIAL MATERIAL shall be responsible for the establishment and maintenance of procedures reasonably calculated to ensure the security of documents and testimony so designated and of information contained therein.

13. Either party may disclose CONFIDENTIAL MATERIAL in response to a subpoena received from any Court of competent jurisdiction or governmental entity or agency, but neither party shall make any such disclosure to a court or governmental entity or agency except in response to a subpoena. Moreover, upon receiving any such subpoena, the party receiving it shall immediately notify counsel for the other party by facsimile or email to provide such party with an opportunity to take appropriate steps to avoid the disclosure of CONFIDENTIAL MATERIAL. In the event that a Court of competent jurisdiction orders the production of CONFIDENTIAL MATERIAL, the parties to this Agreement agree that they will

make effort to ensure that a copy of this Agreement is executed by the party that served the subpoena and on whom the subpoenaed documents shall be served.

14. Any information supplied by a third-party to any or all of the parties in the Action pursuant to subpoena or otherwise may be designated by such third-party or the parties hereto as CONFIDENTIAL MATERIAL under the terms of this Agreement, and such designation shall have the same force and effect as if made by a party. If any party wishes to use CONFIDENTIAL MATERIAL produced by such third-party or parties at a deposition, hearing or other proceeding in the Action, the party shall exclude from the room any person who is not a CONFIDENTIAL MATERIAL Qualified Person.

15. Documents and information offered in evidence at trial of the Action shall remain subject to this Agreement; any producing party or person may move the Court for an Order that Discovery Material or testimony be received under conditions to prevent its disclosure to persons not entitled under this Agreement to have access to it.

16. No party shall file any motion challenging a designation of material as CONFIDENTIAL MATERIAL or as PRIVILEGED MATERIAL unless that party has first made a good faith attempt to resolve its challenge on an informal basis. If such efforts have failed, a party may apply to the Court for an Order that specified Material designated as CONFIDENTIAL MATERIAL or as PRIVILEGED MATERIAL is not entitled to such status and protection. Pending determination by the Court, Material designated by a party as CONFIDENTIAL MATERIAL or as PRIVILEGED MATERIAL shall be treated as provided in this Agreement.

17. This Agreement is entered solely for the purpose of facilitating the exchange of Material between the parties to the Action without involving the Court unnecessarily in the

process. Nothing in this Agreement, nor the production of any Material under the terms of this Agreement, nor any proceeding pursuant to this Agreement shall be deemed to have the effect of an admission or waiver by either party, or of altering the nature of any Material, or of altering any existing obligation of any party or the absence thereof.

18.   This Agreement shall survive the final termination of the Action to the extent that the information contained in CONFIDENTIAL MATERIAL is not and does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within 20 business days after the Final Termination of the Action, counsel for the parties shall assemble and return to each respective party all Material designated as CONFIDENTIAL MATERIAL and all copies of same, or shall certify the destruction thereof, except that counsel may retain a copy of all papers produced by its client pursuant hereto and pleadings and documents filed with the Court.

This Agreement may be executed in multiple counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute one and the same instrument and agreement.

Dated: New York, New York
       October 29, 2007

| | |
|---|---|
| SCHNADER HARRISON SEGAL & LEWIS LLP | FENSTERSTOCK & PARTNERS LLP |
| By: *[signature]* <br> M. Christine Carty (MC-1796) <br> Jane H. Kauh (JK-9298) <br> 140 Broadway, Suite 3100 <br> New York, New York 10005 <br> (212) 973-8000 <br> *Attorneys for Defendants* | By: *[signature]* <br> Blair C. Fensterstock (BF-2020) <br> Jeanne M. Valentine (JV- <br> 30 Wall Street <br> New York, New York 10005 <br> (212) 785-4100 <br> *Attorneys for Plaintiff* |

SO ORDERED

*[signature]*
11/5/07

9

# EXHIBIT A

## ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT

I certify my understanding that CONFIDENTIAL MATERIAL is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Order dated October __, 2007 (the "Agreement"), in the action entitled *John Myers v. HSBC Investments (USA) Inc., HSBC North America Holdings Inc., HSBC Securities (USA) Inc., HSBC Finance Corporation, and HSBC Holdings plc,* Case No. 07-CV-4078 (RJH) (GWG). I have been given a copy of, and have read and understood, the Agreement and all of the terms therein. I agree that I will not provide any CONFIDENTIAL MATERIAL to any other person, except as ordered by the Court. I also agree not to disseminate any documents containing any information derived from CONFIDENTIAL MATERIAL, except as provided in the Agreement. I consent and agree to be subject to the authority of the Court adjudicating the action for purposes of enforcement of this Agreement. In addition, I consent to the exercise of personal jurisdiction by the federal and state courts in the State of New York, for purposes of enforcement of any ruling by the Court pursuant to this Agreement

Dated: _____

_____
NAME (SIGNATURE)

_____
NAME (PRINT)

_____
COMPLETE ADDRESS (PRINT)

_____

_____

_____
CAPACITY (e.g., attorney, expert, court reporter, witness)