UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN O. MYERS,

                          Plaintiff,

-against-

HSBC INVESTMENTS (USA) INC. and HSBC
SECURITIES (USA) INC.,

                        Defendants.

07 CIV 4708 (RJH) (GWG)

**AFFIRMATION OF
M. CHRISTINE CARTY IN
SUPPORT OF MOTION TO COMPEL**

      M. CHRISTINE CARTY, an attorney admitted to practice before this Court, affirms as follows:

      1.    I am a member of the firm of Schnader Harrison Segal & Lewis LLP, attorneys for defendants HSBC INVESTMENTS (USA) INC. and HSBC SECURITIES (USA) INC. (hereinafter "HSBC" or "Defendants"). As such, I am fully familiar with all prior pleadings and proceedings in this action.

      2.    I submit this Affirmation in support of HSBC's Motion, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling counsel for Plaintiff, Blair C. Fensterstock ("Fensterstock") and Brooke K. Haley ("Haley"), to appear for and to produce documents at deposition.

**Background**

      3.    Plaintiff filed a Summons and Complaint on or about May 24, 2007.

      4.    Plaintiff's suit against Defendants arises out of the termination of Myers' employment with HSBC in January 2007. Plaintiff has alleged that Defendants' conduct constitutes age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §621, and unlawful retaliation under the ADEA and Title VII of the Civil Rights Act of 1964, as *amended*, 42 U.S.C.A. §2000e-3. Plaintiff has also alleged several state law claims

against Defendants including claims for breach of contract and promissory estoppel. Attached hereto as Exhibit A is a true and accurate copy of the Verified Complaint dated May 24, 2007 (hereinafter "Complaint") filed on behalf of Plaintiff in connection with this matter.

5. Several paragraphs of the Complaint purport to repeat portions of conversations between Blair C. Fensterstock ("Fensterstock"), Plaintiff's attorney-of-record, and Richard Palmer ("Palmer"), Deputy General Counsel-Litigation of HSBC Securities (USA) Inc. These paragraphs aver that, during the conversations with Fensterstock, Palmer made certain statements that constitute "admissions" of HSBC's alleged discriminatory and retaliatory conduct. *See* Exh. A at ¶¶ 71, 78-82 and 86.

6. The Complaint does not allege that there were any other participants in or witnesses to these conversations other than Fensterstock and Palmer. *See* Exh. A.

7. The Complaint was signed by Fensterstock. *See* Exh. A.

**The Depositions of Fensterstock and Haley**

8. Plaintiff noticed the deposition of Palmer on January 15 and February 9, 2008. Attached hereto as Exhibit B are true and correct copies of Palmer's Notices of Deposition.

9. Defendants noticed the deposition of Fensterstock on February 8, 2008. Attached hereto as Exhibit C is a true and correct copy of Fensterstock's Notice of Deposition.

10. Defendants noticed the deposition of Fensterstock for the express and limited purpose of questioning Fensterstock about the allegations in the Complaint regarding the alleged content of conversations between Fensterstock and Palmer.

11. Plaintiff's counsel, Jeanne M. Valentine, sent an e-mail to Defendants' counsel on February 9, 2008 objecting to the production of Fensterstock for deposition because Fensterstock is a non-party and "is not a witness" in this matter. Plaintiff's counsel also stated in the e-mail

that "Mr. Palmer's prior statements are wholly discoverable and the proper subject of inquiry at deposition as well as in interrogatories and through documentary discovery, since all relevant material is discoverable under FRE 26, whether it involves settlement negotiations or not."

12. During a February 12, 2008 meeting between counsel for the parties to resolve discovery disputes and to schedule depositions, Plaintiff's counsel refused to produce Fensterstock for deposition.

13. On February 13, 2008 Defendants sent a letter to Plaintiff, advising that if Plaintiff took Palmer's deposition, Defendants would seek an order compelling Fensterstock's deposition because he had voluntarily made himself a witness and is therefore subject to discovery, deposition and cross-examination under Fed. R. Civ. P. 26(b)(1). Attached hereto as Exhibit D is a true and correct copy of Defendants' February 13, 2008 letter to Plaintiff's counsel.

14. Plaintiff's counsel responded by letter that day, stating that "[w]e intend to proceed with the deposition of Richard Palmer." A true and correct copy of the February 13, 2008 letter from Plaintiff's counsel is attached as Exhibit E.

15. Defendants wrote to the Court on February 15, 2008 requesting that a conference be scheduled, in part to address Plaintiff's refusal to produce Fensterstock for deposition. Attached hereto as Exhibit F is a true and correct copy of Defendants' February 15, 2008 letter to the Court.

16. Plaintiff wrote to the Court on February 19, 2008 opposing Defendants' request to take Fensterstock's deposition, on the grounds that: (1) there were other "witnesses" to the alleged conversations between Fensterstock and Palmer, including Nancy Walsh, HSBC Vice President of Human Resources ("Walsh") and Brooke K. Haley ("Haley"), an associate with

Fensterstock's firm; (2) Defendants' Fed. R. Civ. P. 26(a)(1) Disclosures listed Palmer as a person likely to have discoverable information, but did not list Fensterstock as a necessary witness; (3) Defendants had consented to the depositions of Walsh and Palmer, who were able to testify about the content of conversations; (4) the law disfavors taking the deposition of a party's attorney; and (5) Fensterstock is not a "witness" to Defendants' alleged acts of discrimination and retaliation. Attached hereto as Exhibit G is a true and correct copy of the the February 19, 2008 letter from Plaintiff's counsel to the Court.

17. The depositions of Palmer and Walsh had not been taken as of February 19, 2008.

18. On February 20, 2008, Plaintiff took the deposition of Walsh who testified that she had participated and/or heard only a part of one conversation between Fensterstock and Palmer, and that the only issue she discussed or heard discussed at that time pertained to Plaintiff's medical coverage under COBRA. Walsh's testimony conflicts with the allegations in the Complaint regarding the nature and extent of the conversations between Palmer and Fensterstock. Attached hereto as Exhibit H is a true and correct copy of the relevant portions of Walsh's February 20, 2008 deposition transcript.

19. Based on Walsh's deposition testimony, Defendants sent a letter to the Court on February 21, 2008 to correct the material factual errors made in Plaintiff's February 19, 2008 letter to the Court, to renew its request to take Fensterstock's deposition and to request permission to take the deposition of Haley. Attached hereto as Exhibit I is a true and correct copy of the Defendants' February 21, 2008 letter to the Court

20. Defendants' noticed the Deposition of Haley on February 21, 2008. Attached hereto as Exhibit J is a true and correct copy of Haley's Notice of Deposition of Haley.

21. Plaintiff's counsel wrote to the Court on February 22, 2008, opposing Defendants' second request to depose Fensterstock and their request to depose Haley, asserting that because Palmer had yet to testify at his deposition, Defendants did not have a basis on which to seek the depositions of Fensterstock and Haley. Attached hereto as Exhibit K is a true and correct copy of the February 22, 2008 letter from Plaintiff's counsel to the Court.

22. Plaintiff took the deposition of Palmer on February 27, 2008. Palmer testified that he could not recall making the statements that Plaintiff has alleged Palmer made during settlement conversations with Fensterstock. Attached hereto as Exhibit L is true and correct copy of portions of Palmer's February 27, 2008 deposition transcript.

23. Based on Palmer's testimony, Defendants sent a letter to the Court on February 29, 2008 in part to renew their request to take the deposition of Fensterstock and Haley stating that it had now become clear that "if Plaintiff wishes to even attempt to use at trial the statements allegedly made by Mr. Palmer as admissions of a party, Plaintiff will need to do so through the testimony of Mr. Fensterstock and Ms. Haley." Attached hereto as Exhibit M is a true and correct copy of the Defendants' February 29, 2008 letter to the Court.

24. Plaintiff's counsel objected to Defendants' request in a March 11, 2008 letter to the Court, stating that: (1) because Walsh and Palmer merely testified that they "do not recall" the specific words of Palmer's admissions, there is "no basis on which challenge the veracity of the allegations" and, therefore, no basis to depose or cross-examine Plaintiff's counsel; (2) Plaintiff's counsel can submit sworn affidavits in lieu of live testimony to attest to Palmer's admissions, which "Defendants will have no occasion to dispute"; and (3) there will be negative ramifications on the relevance of party admissions made to opposing counsel if the Court were to

compel the depositions of Fensterstock and Haley. Attached hereto as Exhibit N is a true and correct copy of the March 11, 2008 letter from Plaintiff's counsel to the Court.

**The March 26, 2008 Conference**

25. The parties appeared for a conference before the Court on March 26, 2008 (the "March 26 Conference"). Among the issues before the Court was Plaintiff's refusal to produce Fensterstock and Haley for deposition.

26. At the March 26 Conference, in response to an inquiry from the Court, Fensterstock represented that he did not intend to testify at trial or to call Haley as a witness and refused to withdraw from the Complaint the allegations pertaining to Palmer's alleged statements to Fensterstock.

27. Fensterstock stated that Plaintiff had the "right" to use the allegations as evidence and to cross-examine Defendants' witnesses about such allegations at trial.

28. Among other points, I argued that if the Complaint with the allegations of the contents of Fensterstock's conversations with Palmer is admitted into evidence at trial, Defendants should be entitled to cross-examine Fensterstock and Haley about those conversations. However, counsel's ability to prepare for such cross-examinations will be compromised if Defendants are not permitted to depose Fensterstock and Haley in connection with these allegations. I also argued that Defendants need the depositions to prepare to make a motion in limine pursuant to FRE 408 to exclude from evidence the conversations as confidential settlement discussions.

29. The Court thereafter instructed Defendants to file this Motion to Compel Fensterstock and Haley to appear for deposition.

30.  Discovery in this case is not complete. The Court has yet to rule on some of the discovery issues raised by Defendants in its February 29, 2008 correspondence to the Court, including waiver of attorney-client privilege by Plaintiff's selective production of attorney-client communications and work-product and Defendants' request for leave to subpoena the records of Louis A. Mangone, Esquire. Further, Plaintiff has not yet produced to Defendants many of the documents which the Court ordered Plaintiff to produce at the March 26, 2008 conference.

Dated: New York, New York
       April 24, 2008

*[signature]*
M. Christine Carty (MC-1796)