# Schnader
ATTORNEYS AT LAW

140 BROADWAY   SUITE 3100
NEW YORK, NY 10005-1101
212.973.8000   FAX 212.972.8798   schnader.com

February 13, 2008

M. Christine Carty
Direct Dial 212-973-8012
Direct Fax 212-972-8798
E-mail ccarty@schnader.com

**VIA EMAIL**

Blair C. Fensterstock, Esq.
Jeanne Valentine, Esq.
Fensterstock & Partners LLP
30 Wall Street
New York, NY 10005

RE: John O. Myers v. HSBC Investments (USA) Inc., et al.
2007 Civ. 4078 (RJH) (GWG)
Our File No.: 0117179-0171

Dear Mr. Fensterstock and Ms. Valentine:

I write with regard to Ms. Valentine's email dated February 9, 2008 wherein she states Plaintiff's intention to depose Mr. Richard Palmer without "any limitations" and objects to the production of Mr. Fensterstock for deposition because "Mr. Fensterstock . . . is not a witness to HSBC's wrongful discrimination and retaliation" (the "February 9th Email"). Ms. Valentine's contentions are both legally and factually mistaken.

We do not believe that the deposition of Mr. Palmer, HSBC's in-house counsel, is warranted, necessary or appropriate. Where the information possessed by an attorney is available through other witnesses or other means, courts disfavor the deposition of a party's counsel. *See In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2d Cir. 2003) (in deciding whether to allow deposition of a party's attorney, courts will consider, *inter alia,* multiple factors such as need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted). Mr. Palmer is not the most knowledgeable witness regarding the relevant areas of inquiry and Mr. Palmer's testimony will be severely limited or precluded due to privilege and work product considerations. For example, Mr. Palmer was not responsible for Plaintiff's COBRA coverage status and is not the best witness to testify regarding that matter. We identified a witness with first-hand knowledge regarding Plaintiff's COBRA coverage status in our Initial Disclosures. Similarly, with regard to Mr. Palmer's alleged statements regarding HSBC's decision to not designate Plaintiff a "good leaver," Mr. Palmer was not, and is not, responsible for making such designations or for the execution of HSBC policy in that regard. Also, as for other alleged discriminatory conduct regarding former employees of which Mr. Palmer is alleged to have

Jeanne Valentine, Esq.
Fensterstock & Partners LLP
February 13, 2008
Page 2

spoken, HSBC will produce responsive documents that will provide you with information. In any event, Mr. Palmer's testimony regarding such claims will be protected from disclosure either pursuant to the attorney-client privilege and/or the work product doctrine. For these reasons, we do not believe that you have a basis to seek the deposition of Mr. Palmer.

If you insist on seeking Mr. Palmer's deposition, please be advised that we will seek an order directing that Mr. Fensterstock be made available for deposition. Unlike Mr. Palmer – who is not the most knowledgeable witness with first-hand information regarding the material allegations in the Complaint and whose deposition will implicate serious and extensive privileged concerns -- Mr. Fensterstock signed the Complaint in which he recounts a conversation or conversations he had with Mr. Palmer. Contrary to Ms. Valentine's contention, this is not an instance where Mr. Fensterstock was merely "present during a party admission." Rather, Mr. Fensterstock is the only other witness to statements the contents and context of which are disputed and which plaintiff apparently contends are admissions. As such, Mr Fensterstock, by relying on alleged statements made to him by Mr. Palmer, has made himself a witness and he is, therefore, subject to discovery, deposition and cross-examination. *See* FRCP 26(b)(1). *See also, e.g., United States Fidelity & Guaranty Co. v. Braspetro Oil Services Co.*, Nos. 97 Civ. 6124 and 98 Civ 3099, 2000 U.S. Dist. LEXIS 12669, at *2 (S.D.N.Y. Sept. 1, 2000) (allowing depositions of counsel to proceed). Moreover, unlike with Mr. Palmer, an examination focused on Mr. Fensterstock's conversation with Mr. Palmer will not implicate any privilege or work-product doctrine concerns and, therefore, will be narrow and self-limiting. In short, given the allegations in Plaintiff's Complaint and Ms. Valentine's February 9th Email, we see no basis for any continued objection to the deposition of Mr. Fensterstock.

Please advise me today as to whether you intend to proceed with Mr. Palmer's deposition. We need a decision today so that we can schedule a time for his deposition, if necessary. Thank you.

Sincerely,

M. Christine Carty
For SCHNADER HARRISON SEGAL & LEWIS LLP

MCC/dm