# Schnader
ATTORNEYS AT LAW

140 BROADWAY SUITE 3100
NEW YORK, NY 10005-1101
212.973.8000  FAX 212.972.8798  schnader.com

February 15, 2008

M. Christine Carty
Direct Dial (212) 973-8012
E-mail: ccarty@schnader.com

**VIA FACSIMILE**

Honorable Richard J. Holwell
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      RE:    John O. Myers v. HSBC Investments (USA) Inc., et al.
                 07 Civ. 4078 (RJH)

Dear Judge Holwell:

      We represent Defendants in the above-captioned matter. We write to (1) report that most of the issues addressed in counsels' correspondence with the Court on February 12, 2008 have been resolved, and (2) request a conference with Your Honor to address Plaintiff's refusal to produce for deposition Blair C. Fensterstock ("Fensterstock"), attorney for Plaintiff, regarding his conversations with Richard Palmer ("Palmer"), HSBC Securities (USA), Inc.'s associate general counsel, the alleged contents of which form the basis for several allegations in Plaintiff's Complaint. It is Defendants' contention that these conversations were privileged and confidential settlement discussions.

      First, we are pleased to report that, with the exception of Steve Baker ("Baker"), who is traveling for the remainder of February, all depositions of defendants' witnesses have now been scheduled to be conducted prior to the discovery cut-off date of February 29, 2008. The remaining two depositions referred to in our February 12th letter – Richard Palmer and Adam Israel – have been scheduled in accordance with the Court's scheduling Order. To recap, we have scheduled a total of 17 depositions to be held over the next two weeks. Still outstanding is Defendants' request that the Court allow Baker to be deposed on March 6, 2008.

      Second, unfortunately, another dispute has now arisen between the parties. Specifically, Plaintiff has refused to produce Fensterstock for a limited-in-scope deposition. The deposition notice was served on Friday, February 8. Defendants wish to depose Fensterstock about the allegations in the Complaint which purport to repeat the alleged content of conversations between Fensterstock and Palmer – the same conversations and allegations about which Plaintiff seeks to depose Palmer. The allegations in the Complaint include claims that, during those conversations, Palmer made certain admissions regarding Defendants' alleged

Honorable Richard J. Holwell
United States District Judge
February 15, 2008
Page 2

conduct, statements and decisions relating to Plaintiff. See Complaint at ¶¶ 71, 78-82 and 86 attached hereto. (Also attached are two letters between counsel which set forth the parties' positions.) There were no other participants or witnesses to the conversations between Fensterstock and Palmer. Fensterstock signed the Complaint on behalf of Plaintiff. Defendants' contend that the allegations in the Complaint regarding the conversations with Palmer are inaccurate, false, misleading and taken out of context. The deposition of Fensterstock that Defendant seeks will be limited to the conversations between Fensterstock and Palmer.

The Second Circuit has adopted a flexible approach to the deposition of a party's attorney. *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2d Cir. 2003). In *Friedman,* the Second Circuit has stated that "the standards set forth in Rule 26 require a flexible approach to lawyer depositions" and that a court should "take[] into consideration all of the relevant facts and circumstances" including, but not limited to, "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id. See also Cendant Corporation v. Shelton,* 246 F.R.D. 401, 404-08 (D. Conn. Oct. 29, 2007) (allowing depositions of attorneys to proceed after analyzing factors addressed in *Friedman*); *United States Fidelity & Guaranty Co. v. Braspetro Oil Services Co.,* Nos. 97 Civ. 6124 and 98 Civ 3099, 2000 U.S. Dist. LEXIS 12669, at *2 (S.D.N.Y. Sept. 1, 2000) (pre-*Friedman* decision allowing depositions of counsel to proceed);

In this situation, it cannot be contested that Fensterstock is a witness with non-privileged knowledge of discoverable information, *i.e.,* conversations that Plaintiff claims constitute admissions by Defendants. Similarly, it cannot be contested that Fensterstock was the only person other than Palmer who participated in or heard the conversations. This is not an instance where Fensterstock was merely present during an alleged party admission. Rather, Fensterstock is the only other witness to statements the contents and context of which are disputed. *See Genal Strap, Inc. v. Dar,* CV 2004-1691, 2006 U.S. Dist. Lexis 11474, **6-9 (E.D.N.Y. Mar. 3, 2006) (allowing deposition of counsel to proceed where, among other things, the attorney is the "only source of information" regarding issues in dispute). Moreover, there is no risk of encountering privilege or work-product issues because Defendants will agree to limit the deposition to questions regarding the conversations between Palmer and Fensterstock. As for the "extent of discovery already conducted," the parties are in the midst of discovery – including the scheduled deposition of Palmer. Defendants are prepared to take Fensterstock's deposition at his convenience so long as it does not interfere with the existing deposition schedule. In the event that Fensterstock's deposition cannot be conducted until after February 29, 2008, we request permission to take his deposition as soon after February 29th as possible.

Ultimately, Fensterstock cannot now complain that he should be excused from being a witness. The situation in which Fensterstock has placed himself is a product purely of his own making. By including in the Complaint the alleged content of conversations he had with Palmer – conversations that arose in the context of privileged and confidential settlement

Honorable Richard J. Holwell
United States District Judge
February 15, 2008
Page 3

communications – Fensterstock has chosen to inject himself into the discovery process. As such, Fensterstock, by relying on alleged statements made to him by Mr. Palmer, has made himself a witness and he is, therefore, subject to discovery.

       We respectfully request that, pursuant to Your Honor's Individual Practices, the Court schedule a conference to address Defendants' request that it direct Fensterstock to appear for his deposition and produce any notes of the conversations with Palmer.

       Thank you for your continued attention to this matter.

       Respectfully yours,

       M. Christine Carty
       For SCHNADER HARRISON SEGAL & LEWIS LLP

MCC:sh
Enclosures
cc:    Blair C. Fensterstock, Esq.
       Attorneys for Plaintiff