# FENSTERSTOCK & PARTNERS LLP

30 WALL STREET
NEW YORK, NY 10005
(212) 785-4100
FAX (212) 785-4040
WWW.FENSTERSTOCK.COM

February 19, 2008

*By Facsimile Only*

Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *John O. Myers v. HSBC Investments (USA) Inc., et al.*
2007 Civ. 04078 (RJH) (GWG)

Dear Judge Holwell:

We represent Plaintiff John O. Myers and respectfully write to oppose Defendants' request for the deposition of Plaintiff's counsel, Blair C. Fensterstock.

Primary among the reasons Mr. Fensterstock should not be deposed is that Ms. Carty premises her request upon the misstatement that Mr. Fensterstock and Richard B. Palmer, Associate General Counsel for Defendant HSBC Securities (USA) Inc., were the only parties present during two separate conversations where Mr. Palmer made certain admissions that will be the subject of inquiry at his stipulated deposition. As a matter of indisputable fact, Mr. Fensterstock and Mr. Palmer were not the only two people involved in one particular conversation, since also present were Brooke K. Haley, who was a law clerk at our office at the time, and Nancy Walsh, Vice President of Human Resources for Defendant HSBC Securities (USA) Inc. In a second conversation, only Mr. Palmer, Ms. Walsh and Ms. Haley were present, and Mr. Fensterstock was not involved in that conversation at all.

Indeed, Defendants' Amended Rule 26 Disclosure, a copy of which in annexed hereto, voluntarily presents Mr. Palmer as a person likely to have discoverable information, specifically with knowledge of "the allegations in the Complaint of conversations and conduct attributed to him." Defendants' Amended Rule 26 Disclosure does not list Mr. Fensterstock as a necessary witness.

Honorable Richard J. Holwell
February 19, 2008
Page 2

Defendants' representations to the Court blatantly omit the fact that Ms. Walsh was present during Mr. Palmer's statements. It must be noted that Defendants have stipulated to, and scheduled without contest, Ms. Walsh's deposition in addition to the deposition of Mr. Palmer. Accordingly, both Mr. Palmer and Ms. Walsh are competent, willing witnesses able to testify about the conversations that are the subject of Defendants' present application to the Court.

We acknowledge that the Second Circuit occasionally permits the deposition of a party's attorney under very limited conditions, but deny that the circumstances here support such a finding. The authority cited by Defendants in support of their request is wholly inapposite to the facts presented here. For instance, in their letter to the Court dated February 15, 2008, Defendants primarily rely upon the decision in *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003), which involved an appeal that was denied as moot and, as such, the opinions within the decision are dicta. *See Friedman*, 350 F.3d at 72-73 (Wesley, J., concurring in result only since the opinion was unnecessary).

Further, *United States Fidelity & Guaranty Cp. v. Braspetro Oil Services Co.*, Nos. 97 Civ. 6124 and 98 Civ. 3099, 2000 WL 1253262 (S.D.N.Y. 2000), permitted the deposition of opposing counsel because the attorney was not trial counsel, but acted merely as a transactional attorney and truly was the only witness to the events at issue. Here, Mr. Fensterstock *is* trial counsel, and is not "the only other witness to statements the contents and context of which are disputed," as Ms. Carty claims in her letter.

In the oft-cited case *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947), Justice Murphy eloquently detailed the impropriety of forcing discovery directly from opposing counsel, and Justice Jackson delivered an equally compelling concurring opinion. In *Hickman*, Justice Murphy wrote:

> Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. No legitimate purpose is served by such production. The practice forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks. Such testimony could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less an officer of the court and much more an ordinary witness. The standards of the profession would thereby suffer.

329 U.S. at 513. *See also Hickman*, 329 U.S. at 516-518 (Jackson, J., concurring opinion) ("I can conceive of no practice more demoralizing to the Bar than to require a lawyer to write out and deliver to his adversary an account of what witnesses have told him. * * * Having been supplied the

Honorable Richard J. Holwell
February 19, 2008
Page 3

names of the witnesses, petitioner's lawyer gives no reason why he cannot interview them himself.")

Here, Mr. Palmer, an in-house attorney, knowingly admitted that he is a witness to acts evincing Defendants' discrimination and unlawful retaliation, which constitute the claims in this lawsuit. Mr. Palmer's admissions are the proper subject of inquiry at deposition, no matter what the context in which the statements were made, not because each admission itself is an unlawful act, but because the statements made by Mr. Palmer will lead to admissible evidence at trial. *See State of New York v. Oneida Indian Nation of New York*, 2007 WL 2287878 (N.D.N.Y. 2007). We are confident Mr. Palmer's statements will be admissible at trial as well, because statements made on behalf of an employer by its general counsel constitute party admissions and are admissible. *See Dailey v. Societe Generale*, 915 F.Supp. 1315, 1324 (S.D.N.Y. 1996).

Mr. Fensterstock is not a witness to acts of discrimination by Defendants; he was merely present on one occasion when Mr. Palmer admitted that he knew of relevant information relating to Plaintiff's claims. It follows that Mr. Fensterstock's testimony would prove fruitless, since any testimony he could offer would constitute nothing more than hearsay statements about what an available witness said about the issues in this matter.

Accordingly, we respectfully request that your Honor deny Defendants' request for a deposition of Mr. Fensterstock.

Respectfully submitted,

Jeanne M. Valentine

JMV/jsm

Encl.

cc:    M. Christine Carty, Esq.
       Schnader Harrison Segal & Lewis LLP
       *Attorneys for Defendants*