**Schnader**
ATTORNEYS AT LAW

140 BROADWAY SUITE 3100
NEW YORK, NY 10005-1101
212.973.8000 FAX 212.972.8798 schnader.com

February 21, 2008

M. Christine Carty
Direct Dial (212) 973-8012
E-mail: ccarty@schnader.com

**VIA FACSIMILE**

Honorable Richard J. Holwell
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

       RE:      John O. Myers v. HSBC Investments (USA) Inc., et al.
                  07 Civ. 4078 (RJH)

Dear Judge Holwell:

       We write to correct a material factual error in Plaintiff's letter to the Court dated February 19, 2008 (the "February 19th Letter") and also to request permission to take the deposition of Brooke K. Haley, a witness who was not identified in Plaintiff's Rule 26 disclosures, but who Plaintiff has now disclosed in the February 19th Letter.

       In the February 19th Letter, Plaintiff asserts that Defendants are not entitled to depose Plaintiff's counsel, Blaire C. Fensterstock, because other persons were allegedly present during Mr. Fensterstock's conversations with Richard Palmer, in-house counsel for Defendant HSBC Securities (USA) ("HSBC Securities"). In particular, Plaintiff claims that Nancy Walsh, Vice President of Human Resources for Defendant HSBC Securities, was also present during two telephone conversations that included Mr. Fensterstock and Mr. Palmer and during which certain alleged admissions were made. Plaintiff is mistaken. Plaintiff deposed Ms. Walsh yesterday afternoon, February 20, 2008. During that testimony Ms. Walsh stated that she had participated in only one telephone conversation with Mr. Palmer involving John Myers, and that the only issue she discussed or heard discussed during that call related to Mr. Myers' COBRA coverage. A true and correct copy of portions of the transcript from Ms. Walsh's deposition is attached hereto. Accordingly, contrary to the claims in the February 19th Letter, Ms. Walsh has no information regarding Mr. Palmer's alleged admissions, in particular those statements attributed to him by Plaintiff in paragraphs 78, 79, 80 and 81 of the Complaint.

       Plaintiff also claims that Brooke K. Haley, a former "law clerk" and presently an associate employed by Plaintiff's counsel, was also present during two conversations involving Mr. Palmer. For the same reasons outlined in our letter to the Court dated February 15, 2008 that support our request to take the deposition of Mr. Fensterstock, we respectfully seek permission to

Schnader Harrison Segal & Lewis LLP

NEW YORK   PENNSYLVANIA   CALIFORNIA   WASHINGTON, DC   NEW JERSEY   DELAWARE

Honorable Richard J. Holwell
United States District Judge
February 21, 2008
Page 2

take Ms. Haley's deposition and ask the Court that Plaintiff be directed to produce Ms. Haley for deposition and produce her notes of the conversations with Mr. Palmer. We request also that, given the ambitious deposition schedule in this matter (depositions are scheduled for every day between now and the end of February), we be permitted to take the deposition of Ms. Haley after the February 29, 2008 close of discovery. Contemporaneously with this letter, we are serving a deposition notice on Ms. Haley.

Plaintiff counsel's eagerness to identify Ms. Haley, a second-year associate, as a "witness" does not obviate or in any way lessen Defendants' need or right to take the previously requested deposition of Mr. Fensterstock. As we have stated previously, Mr. Fensterstock has chosen to inject himself into the discovery process by relying on his personal recollection of conversations with Mr. Palmer to form the basis of allegations in the Complaint.

Contrary to Plaintiff counsel's claim, we do not seek to discover the nature or content of Plaintiff counsel's investigation. Rather, the depositions of Mr. Fensterstock and Ms. Haley would be limited to their conversations with Mr. Palmer – conversations that Plaintiff claims comprise admissions "evincing Defendants' discrimination" and that Defendants dispute both in substance and on the grounds of admissibility at trial because these conversations took place within the context of privileged settlement discussions.

Thank you for your continued attention to this matter.

Respectfully yours,

*M. Christine Carty*

M. Christine Carty
For SCHNADER HARRISON SEGAL & LEWIS LLP

MCC:sh
Enclosures
cc:   Blair C. Fensterstock, Esq. (via hand delivery)
      Attorneys for Plaintiff