# FENSTERSTOCK & PARTNERS LLP

30 WALL STREET
NEW YORK, NY 10005
(212) 785-4100
FAX (212) 785-4040
WWW.FENSTERSTOCK.COM

February 22, 2008

*By Facsimile Only*

Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *John O. Myers v. HSBC Investments (USA) Inc., et al.*
2007 Civ. 04078 (RJH) (GWG)

Dear Judge Holwell:

We represent Plaintiff John O. Myers in the referenced matter. We respectfully write to oppose Defendants' second application to depose Plaintiff's attorneys.

Your Honor may recall that, on February 15, counsel for Defendants, Ms. Carty, requested permission to depose Plaintiff's counsel, Blair C. Fensterstock, whom she erroneously claimed was the only witness to certain admissions made, in a telephone conversation, by a stipulated defense witness, Richard Palmer, in-house counsel at HSBC. In response to Ms. Carty's request, on February 19, this office notified your Honor that Mr. Fensterstock was not the only witness to these conversations and should not be deposed, because, inter alia, two other witnesses are available to testify to the statements at issue, namely defense witnesses Richard Palmer and Nancy Walsh. We informed the Court that Ms. Brooke K. Haley, now an associate at Mr. Fensterstock's firm, was also present during Mr. Palmer's statements. At the time the statements were made, Ms. Haley was a law clerk with Mr. Fensterstock's firm, and she is now with the firm as an associate attorney.

Ms. Walsh was deposed on February 20. A copy of selected portions of Ms. Walsh's testimony is attached to Ms. Carty's February 21 letter. As is plainly seen from her testimony, contrary to Ms. Carty's assertions, Ms. Walsh conveniently testified that she could not recall specifics from the conversations at issue, but she did not deny that the conversations occurred. (46:18 - 47:25; 52:13 - 53:20; 121:21 - 122:11) The following day, Ms. Carty renewed her application to depose Mr. Fensterstock and now seeks the additional deposition of Mr. Fensterstock's associate, Ms. Haley.

Honorable Richard J. Holwell
February 22, 2008
Page 2

  Ms. Carty's request to depose Ms. Haley and Mr. Fensterstock is unfounded and should be seen for what it is. Once Mr. Palmer is deposed and, presumably, testifies truthfully regarding his admissions, there shall be no basis on which to hold a deposition of Plaintiff's attorneys regarding statements made *by Mr. Palmer*. It is well established that "an attorney's deposition should be precluded when there are other persons available to testify as to the same information or if interrogatories are available". *See e.g. N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 86 (M.D.N.C.1987) ("If there are other persons available who have the information, they should be deposed first. Also other methods, such as written interrogatories which do not involve the same dangers as an oral deposition, should be employed."); *Pereira v. United Jersey Bank*, Nos. 94 Civ. 1565 (LAP), 94 Civ. 1844; (LAP), 1997 WL 773716, at *7-8 (S.D.N.Y. 1997) ("In addition, the [party seeking discovery] has not demonstrated that it has exhausted other methods of discovery")". *Alcon Laboratories, Inc. v. Pharmacia Corp.*, 225 F.Supp.2d 340, 343-344 (S.D.N.Y. 2002).

  Mr. Palmer has not yet testified. Until he is deposed, Ms. Carty offers this Court no reason to justify the deposition of anyone else regarding Mr. Palmer's own statements. Nevertheless, even after Mr. Palmer testifies, Plaintiff's attorneys should not be subject to deposition because it would be unnecessary, cumulative, and inappropriate. Courts wholly disfavor attorney depositions due to the grave dangers associated with the potential effect on the matter, including the probability that the litigation will be needlessly prolonged, and the unfortunate possibility that such testimony will prompt a tactical motion by the adversary to disqualify opposing counsel. *See Madanes v. Madanes*, 199 F.R.D. 135 (S.D.N.Y. 2002) ("Depositions of opposing counsel are disfavored. *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991); *Maher v. Monahan*, No. 98 Civ. 2319, 2000 WL 777877, at *4 (S.D.N.Y. 2000); *Bogan v. Northwestern Mutual Life Insurance Co.*, 152 F.R.D. 9, 14 (S.D.N.Y. 1993). This presumption is based on the recognition that even a deposition of counsel limited to relevant and non-privileged information risks disrupting the attorney-client relationship and impeding the litigation. *United States Fidelity & Guaranty Co. v. Braspetro Oil Services Co.*, Nos. 97 Civ. 6124, 98 Civ. 3099, 2000 WL 1253262, at *2 (S.D.N.Y. 2000); *Maher*, 2000 WL 777877, at *4, *Roznitsky v. Schwartz Cobb & Scheinert*, No. 98 Civ. 6643, 1999 WL 187074, at *2 (S.D.N.Y. 1999)").

  As succinctly stated by Judge Karas in *Ello v. Singh*, No. 05-CV-9625 (KMK), 2006 WL 2270871 (S.D.N.Y. 2006):

> A lawyer's testimony is "necessary," "only if there are no other witnesses to the circumstances at issue." *Cabble v. Rollieson*, No. 04 Civ. 9413, 2006 WL 464078, at *5 (S.D.N.Y. Feb. 27, 2006) (citation and quotation omitted); *see also United States v. Tate & Lyle N. Am. Sugars, Inc.*, 184 F.Supp.2d 344, 347-48 (S.D.N.Y.2002) (finding no necessity for attorney's testimony because the communications to which he would testify could be shown by other testimony or non-testimonial evidence). For testimony to be "prejudicial," it must be

Honorable Richard J. Holwell
February 22, 2008
Page 3

>"sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the client might have an interest in the lawyer's independence in discrediting that testimony. The movant bears the burden of demonstrating how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring is substantial." *Paramount Commc'ns, Inc. v. Donaghy*, 858 F.Supp. 391, 395 (S.D.N.Y.1994) (citation omitted).

2006 WL 2270871, at * 6.

It is beyond question that (1) there are other witnesses to the circumstances raised here, and (2) Plaintiff's attorneys' testimony would not be "prejudicial" to the interests of their client, since any testimony offered by Plaintiff's attorneys would not be adverse to the factual assertions set forth in Plaintiff's claims. Indeed, Ms. Carty does not delineate any prejudice to support her application to depose Plaintiff's lawyers nor does she offer any conceivable rationale for finding that such testimony might cause harm to Plaintiff's case. Hence, defense counsel's application is deficient and should be denied. *See Balboaa Land Dev. Inc. v. Morris*, 201 A.D.2d 850, 851-52 (N.Y.App. Div.3d Dep't 1994) (citing *Joliceur v. Am. Tr. Ins. Co.*, 159 A.D.2d 236 (N.Y.App. Div. 1st Dep't 1990), a matter involving a motion to disqualify counsel pursuant to the attorney-witness rule, for the proposition that defendant must "explain precisely what testimony is require[d], why it [is] required, *and in what respect the testimony of plaintiffs' counsel would be prejudicial to the plaintiffs if defendant calls counsel as a witness*") (emphasis added).

Accordingly, we respectfully request that your Honor deny Defendants' second request for a deposition of Plaintiff's attorneys.

Respectfully submitted,

*[signature: Jeanne M. Valentine]*

Jeanne M. Valentine

JMV/jsm

cc:   M. Christine Carty, Esq.
      Schnader Harrison Segal & Lewis LLP
      *Attorneys for Defendants*

February 22, 2008

M. Christine Carty
Direct Dial (212) 973-8012
E-mail: ccarty@schnader.com

**VIA FACSIMILE**

Blair C. Fensterstock
Fensterstock & Partners LLP
30 Wall Street
New York, New York 10005

      RE:    **John O. Myers v. HSBC Investments (USA) Inc., et al.**
                **07 Civ. 4078 (RJH) (GWG)**

Dear Mr. Fenststock:

      I am writing to follow-up on documents requested previously by Defendants and which have not been produced to date. As you know, Mr. Myers testified to the existence of these documents in his deposition on February 21, 2008, and we therefore demand the immediate production of the documents.

      Please produce the following:

      (i) any and all document regarding payments, expenses, receipts, bills, claims or reimbursements supporting Plaintiff's allegation that he incurred damages because of an alleged lapse in his COBRA coverage;

      (ii) any and all documents relating to commissions, bonuses or other discretionary/guaranteed payments that Plaintiff is eligible for prior to and upon completion of his training as a Financial Advisor Associate at Smith Barney; and

      (iii) all schedules to Plaintiff's 2006 tax returns, including but not limited to Mr. Myers W-2s.

      Thank you.

      Sincerely yours,

      M. Christine Carty
      For SCHNADER HARRISON SEGAL & LEWIS LLP

PHDATA 3064625_1