# Schnader
ATTORNEYS AT LAW

140 BROADWAY  SUITE 3100
NEW YORK, NY 10005-1101
212.973.8000  FAX 212.972.8798  schnader.com

February 29, 2008

M. Christine Carty
Direct Dial (212) 973-8012
E-mail: ccarty@schnader.com

**BY HAND**

Honorable Richard J. Holwell
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

RE:    **John O. Myers v. HSBC Investments (USA) Inc., et al.**
       **07 Civ. 4078 (RJH)**

Dear Judge Holwell:

We are counsel to Defendants in this case. We are pleased to report that all of the scheduled depositions in this matter, except one, will be completed today. The Court has permitted one deposition to be taken next week on March 6, 2008.

As your Honor is aware, the parties in this matter have been engaged in several discovery disputes that have been the subject of ongoing correspondence between the parties and with the Court. We write now to advise the Court of the unresolved disputes remaining at the close of fact discovery, despite several rounds of correspondence between the parties' counsel and a personal meeting. As discussed below, we respectfully request that the Court add these matters to the agenda for the conference that we previously requested. For the Court's convenience, we also summarize the discovery issues that Defendants have raised previously with the Court.

## A.    Plaintiff's Selective Disclosure of Privileged Documents

Plantiff has produced to Defendants numerous attorney-client communications and work product documents from which selected portions have been redacted pursuant to purported claims of privilege. Defendants believe that the production of such documents has effected a waiver of privilege as to the redactions, as well as to the subject matter of the communications. In addition, many of the documents produced by Plaintiff have been redacted inappropriately to exclude the identity of the sender and/or receiver(s) of the communications. A more detailed discussion of the dispute and Defendants' overall position follows.

Honorable Richard J. Holwell
United States District Judge
February 29, 2008
Page 2

On January 25, 2008, Plaintiff delivered copies of documents in response to Defendants' First Demand for the Production of Documents. Upon request, Plaintiff's counsel provided a Privilege Log on February 12, 2008 (the "Privilege Log"). After reviewing the Privilege Log and comparing it to the documents produced by Plaintiff and taking Plaintiff's deposition, we wrote to Plaintiff's counsel on February 20th and 24th, objecting to Plaintiff's assertions of privilege and requesting complete and unredacted copies of certain documents identified on the Privilege Log, as well as an updated Privilege Log. On February 27, 2008, Plaintiff's counsel responded and definitively refused to provide unredacted copies of any documents and provided an "updated" Redaction Log that did not address all of Defendants' objections raised in the February 20th and February 24th letters.

1.     Plaintiff has produced numerous documents to Defendants which Plaintiff claims on the Privilege Log and in his deposition are memos and e-mails between Plaintiff and his counsel. Portions of those documents have been redacted under a claim of privilege. Many, if not most, of the documents purport to recount meetings and/or discussions between Plaintiff and Defendants' employees. Copies of sample redacted communications, Plaintiff's Bates Nos. 417-420, 638 and 751 and the corresponding pages from Plaintiff's Privilege Log are attached hereto as Exhibit A. Plaintiff's counsel argues in its February 27th letter that the memos are Plaintiff's notes of meetings, and that only the portions that are communications to counsel have been redacted. This position is belied by Plaintiff's deposition testimony in which he stated that he created the notes to send to counsel after he retained counsel in this case on December 7, 2006. A true and correct copy of portions of Plaintiff's February 21, 2008 deposition transcript is attached hereto as Exhibit B. See Exhibit B at p. 49-59 and 105-116. A complete and unredacted set of all such memos and e-mails should be produced as Plaintiff cannot produce only some portions of attorney-client communications and withhold from production other portions of such communications. We add also that the Complaint extensively relies on the information contained in the redacted communications, making their selective production even more objectionable and baseless. See, e.g., Complaint at ¶ 5, 7, 8, 13, 36, 38, 40, 41, 42, 43, 44, 50, 51, 55, 59, 61, 65, 74, 75 and 76.

Plaintiff is not entitled to "pick and choose" among attorney-client communications which ones, or parts thereof, he will produce. "It is well established that the attorney-client privilege is waived if the privilege-holder voluntarily discloses or consents to the disclosure of any significant part of the matter or the communication." *Kirschner v. Klemons*, No. 99 Civ. 4828 (RCC) (DFE), 2001 WL 1346008, at *3 (S.D.N.Y. Oct. 31, 2001)(internal citations omitted). *See also Comprehensive Habilitation Services, Inc. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006)("It is well-settled that 'a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party'")(internal citations omitted.). *See also Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, No. 01 Civ. 8854 (LTS) (THK), 2006 WL 1004472, at *3 (S.D.N.Y. April 17, 2006); *Weizmann Institute of Science v. Neschis*, No. 00 Civ. 7850 (RMB), 2004 WL

Honorable Richard J. Holwell
United States District Judge
February 29, 2008
Page 3

540480, at *3 (S.D.N.Y. March 17, 2004); *In re Grand Jury Proceedings*, No. M-11-189, 2001 WL 1167497, at *7 (S.D.N.Y. October 3, 2001); *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 468 (S.D.N.Y.1996); *Bowne of N.Y. City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 478-80 (S.D.N.Y. 1993). This rule is designed "to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information." *In re von Bulow*, 828 F.2d 94, 101 (2d Cir.1987).

Plaintiff's deliberate and selective redaction of "privileged" communications effects a waiver of privilege of not only the documents identified on Plaintiff's Privilege Log but also for all otherwise privileged documents pertaining to the same subject-matter. Indeed, where there is a waiver of privilege based on a party's selective disclosure of otherwise privileged documents, that waiver extends to include all communications on the same subject matter. *Weizmann Institute of Science*, 2004 WL 540480 at *3 (citing *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, Nos. 93 Civ. 6876 (KMW) and 94 Civ. 1317 (KMW), 1995 WL 598971, at 5-6 (S.D.N.Y.1995)("[T]o selectively disclose privileged communications would cause the attorney-client privilege to be used as both a sword and a shield, resulting in fundamental unfairness") (internal citations omitted)). *See also Johnson v. Sea-Land Service, Inc.*, No. 99 Civ. 9161 (WHP) (THK), 2001 WL 897185, at *6 (S.D.N.Y. 2001); *U.S. v. Weissman*, 1996 WL 737042, at *29-30 (S.D.N.Y. 1996).

Here, Plaintiff has chosen to produce numerous documents allegedly constituting communications between him and his attorneys. *See* Privilege Log at Exhibit A and Plaintiff's deposition transcript, Exhibit B at p. 49-59 and 105-116. Those communications include discussions relating to a variety of subject matters such as Plaintiff's employment performance at HSBC, the termination of Plaintiff's employment at HSBC, Plaintiff's interest in, qualifications for and applications to other positions at HSBC, Plaintiff's COBRA coverage and related expenses, any alleged age-related and/or retaliation related remarks and/or conduct by HSBC employees and former HSBC employees and Plaintiff's conversations with HSBC employees and former HSBC employees concerning all of these subject matters.

Accordingly, Plaintiff has now waived any privileges or doctrines that protect from disclosure any documents (or portions thereof) that relate to the same subject matters and, thus, those documents should be produced.

We ask the Court's permission to re-depose Plaintiff after the examination of the unredacted documents, if warranted by the additional production of documents by Plaintiff.

2.    On many documents, particularly those documents which are identified by Plaintiff as "E-mails", Plaintiff has redacted the sender and/or recipient e-mail addresses and other identifying information. These redactions have made it impossible for Defendants to determine whether such documents were actually transmitted to or from counsel or whether the communication was shared with non-attorneys such that the privilege was destroyed. Copies of

Honorable Richard J. Holwell
United States District Judge
February 29, 2008
Page 4

sample redacted e-mails at Plaintiff's Bates Nos. 384-385, 416, 448, 681, 691 and 751-752 and the corresponding pages from Plaintiff's Privilege Log are attached hereto as part of Exhibit A.

Identities and addresses of clients (and their attorneys) are not protected by the attorney-client privilege, especially where there is no showing that the client communicated the addresses to the attorney in confidence or that addresses were anything more than incidental to the attorney-client relationship and where the client's identity is known. *See Integrity Ins. Co. v. American Centennial Ins. Co.*, 885 F.Supp. 69 (S.D.N.Y.1995). *See also Bank Russells Lambert v. Credit Lyonnais (Suisse)*, 220 F.Supp.2d 283, (S.D.N.Y. 2002).

In this case, we have requested that Plaintiff's counsel provide this office with an explanation as to Plaintiff's need to redact the sender and recipient information from Plaintiff's documents. In their February 27th letter, Plaintiff's counsel responded that on "some of Plaintiff's documents, particularly those documents which are e-mails, the sender and recipient identities and addresses have been redacted as irrelevant transmission to counsel." Plaintiff's stated basis for withholding this information does not address the central point that Defendants are entitled to see the identities of the sender and recipients to test whether privilege has been correctly asserted. Thus, Plaintiff's argument is baseless.

**B.    Plaintiff's Failure to Produce Electronic Documents**

Plaintiff confirmed at his February 21, 2008 deposition that during his employment with HSBC he used his personal laptop at the office in addition to the computer issued by HSBC. *See* transcript from Plaintiff's deposition, Exhibit B at p. 105-119. Plaintiff testified that he used his personal laptop consistently during the workday to record notes concerning employment related events and has admitted to using the laptop to connect to the HSBC provided network. *See Id.* Plaintiff further testified that he stored the notes that he recorded on his laptop on discs and DVDs. *See Id.* Accordingly, many employment-related documents that would have been normally under Defendants' control were instead under the control of Plaintiff. Defendants' First Request for the Production of Documents served on November 7, 2007 included electronic information as part of its definition of documents.

Plaintiff has not produced any electronic information to Defendants. Rather, in response to our document request in December, Plaintiff made available for copying approximately twenty-six (26) boxes of documents. Out of the twenty-six (26) boxes, only one box, box no. 26, was bates labeled by Plaintiff for litigation use. The contents of all of the boxes, including box no. 26, were not organized as to time and subject matter. Interspersed throughout the boxes were copies of undated, untitled and unlabeled notes recorded by Plaintiff, now known to be from his laptop, memorializing employment related meetings, thoughts, telephone calls, messages, etc. Although the "notes" do not, in many cases, have a date on the face of the document, it appears that some of the notes were maintained in an electronic format which

Honorable Richard J. Holwell
United States District Judge
February 29, 2008
Page 5

included date information since several notes were produced with cover pages marked as "notes" with the dates, we assume, of the documents. Copies of sample cover pages are attached hereto as Exhibit C.

On January 14, 2008, we sent a letter to Plaintiff requesting electronic copies of all of Plaintiff's notes from all of the boxes, in the electronic format that such notes were actually maintained so that the notes could be accurately identified by date. In a January 23, 2008 response, Plaintiff's counsel stated that their

> "[O]ffice is under no obligation to organize documents according to Defendants' wishes. These documents were presented to Defendants' counsel in exactly the same manner in which they were kept. We are not required to indicate which documents are considered 'notes'…and we have no obligation to organize 75,000 irrelevant documents in chronological order solely for the convenience of the Defendants."

This statement is beside the point. Defendants' concern is not with the organization of the documents but with the authenticity and accuracy of the documents and with the dates of creation and modification of the "notes." On January 30, 2008, in an effort to resolve the issue, we sent another letter to Plaintiff's counsel requesting that Plaintiff produce electronic copies of all of Plaintiff's notes in their native electronic format and explained the reason for our request. We again raised this issue with Plaintiff's counsel at a meeting on February 12, 2008. At that time, Plaintiff's counsel was non-committal about the request. We renewed our request in writing to Plaintiff on February 25, 2008. On February 27, 2008, Plaintiff's counsel flatly refused to provide a mirror image of Plaintiff's laptop and claimed that they had provided Defendants with a "paper copy of every document we could find relevant to the claims in this matter." Simply put, the response of Plaintiff's counsel does not address at all the issue of the authenticity and date of the creation and modification of the notes.

There is another significant issue with respect to the production. The twenty-six (26) boxes of hard copies provided by Plaintiff have numerous blank documents which contain the phrase "Document could not be converted." When questioned about these documents, Plaintiff's counsel explained that the phrase referred to the format in which Plaintiff's counsel had received the documents. This explanation is implausible as the cover pages that are attached to each of these "could not be converted" documents state a date during the time period relevant to this case, a subject and, sometimes, a brief description of the documents' contents. Some of these cover pages state that the sources of the documents are .zip extension files, which could possibly hold massive amounts of electronic information. Obviously, Plaintiff or his counsel has reviewed the documents in order to describe them for these cover sheets. This suggests strongly that the documents can be reviewed on the computer. And, Plaintiff apparently believes the documents to be covered by Defendants' document requests since they were "produced." These relevant and responsive documents are not printable, according to Plaintiff's counsel, although

Honorable Richard J. Holwell
United States District Judge
February 29, 2008
Page 6

they can be viewed. Copies of sample documents and cover pages are attached hereto as Exhibit D. The only way for Defendants to examine the contents of these documents which have been "produced" as responsive is to view the documents on the computer by obtaining a copy of the hard drive of Plaintiff's laptop.

Furthermore, we have also notified Plaintiff that there are a significant number of e-mails interspersed throughout Plaintiff's document production which are unreadable because of formatting that generated incomprehensible computer symbols. Copies of sample e-mails are included hereto as Exhibit E. Plaintiff's counsel informed us that this was the format in which the e-mails were presented to them and were the result of Plaintiff's America Online e-mail account. This explanation is not plausible because Plaintiff produced other hard copies of e-mails, namely all of the e-mails in Plaintiff Bates stamped box no. 26, which were in a readable format. We raised this issue again with Plaintiff's counsel at a meeting on February 12th and requested that Plaintiff provide us with properly formatted e-mails for those e-mails contained in the other twenty-five (25) boxes produced by Plaintiff. Plaintiff's counsel refused to address this request and instructed me to ask Plaintiff questions about this issue at his deposition. We have yet to receive a response from Plaintiff's counsel regarding this issue.

Under these circumstances – where Plaintiff has produced redacted, undated memos and notes allegedly created by Plaintiff, documents that "could not be converted" from their native electronic format and hardcopies of e-mails that contain computer generated gibberish – it is necessary that Defendant's obtain a mirror image of the relevant files maintained on Plaintiff's laptop computer so that Defendants can (i) determine the dates on which Plaintiff's "notes" were created, accessed and altered and (ii) read the documents that "could not be converted" and were improperly formatted. The information as to the making, accessing and changing of the documents sought by Defendants is available only in the metadata of the documents, which is found only on the hard drive of Plaintiff's laptop.

The compelled production of a "mirror-image" of a party's computer hard drive is warranted where the Court is faced with a failure by that party to conduct a thorough forensic search of its computers, or to produce any and all relevant documents, files, metadata and even hidden data fragments that have been requested by the opposing party. *See, e.g., Calyon v. Mizuho Securities USA, Inc.*, No. 07 Civ. 02241 (RODF), 2007 WL 1468889 (S.D.N.Y. May 18, 2007). Such a showing has been met in this instance, as Plaintiff has failed to produce or provide Defendants with access to any electronically stored information in its original format.

Plaintiff cannot object to providing the mirror image of the laptop on the ground that it is costly, since preparing the mirror image requires very little time and requires only a DVD. Further, Plaintiff cannot object to the production on privilege grounds since we stated in our February 25th letter to Plaintiff's counsel, that to the extent counsel or Plaintiff is concerned that matters extraneous to the litigation will be revealed, we will agree to an 'Attorneys' Eyes Only' designation for such information.

Honorable Richard J. Holwell
United States District Judge
February 29, 2008
Page 7

**C.     Louis A. Mangone**

During the course of discovery, it has come to our attention that Plaintiff consulted with an attorney named "Louis A. Mangone." Mr. Mangone's existence was not disclosed on Plaintiff's Rule 26 disclosure. Plaintiff testified at his deposition on February 21 that Mr. Mangone is an attorney with whom Plaintiff has had a prior and/or an existing relationship and with whom he has communicated regarding the allegations in this case. *See* portions of Plaintiff's deposition transcript, Exhibit B at p.13-14, 33-34, 49-59 and 114-116. Many of the communications produced by Plaintiff and that have been selectively redacted (as discussed, above) include Mr. Mangone as a sender or a recipient. If we had known of Mr. Mangone's existence prior to this time, we would have subpoenaed him to obtain documents and his deposition. At the present time, if Mr. Mangone is indeed an agent of Plaintiff, we seek an Order directing Plaintiff to produce all relevant documents presently in Mangone's possession as well as an associated Privilege Log. If Mr. Mangone is not an agent of Plaintiff, we seek the Court's permission to subpoena Mr. Mangone for documents. Based on the material obtained, it may be necessary to take Mr. Mangone's deposition, subject to further court approval.

**D.     Outstanding Request for Production of Documents.**

Defendants have sent written correspondence to Plaintiff requesting that Plaintiff produce all of the schedules to Plaintiff's 2006 tax returns, including, but not limited to Plaintiff's W-2s and 1099s. These documents and the 2007 W-2s or Form 1099s have not been produced, although they are called for by Defendants' First Request for the Production of Documents Nos. 32, 33, 35, 38 and 39. They are directly related to Plaintiff's claims for damages and mitigation of those damages in this case. In a February 27, 2008 response, Plaintiff's counsel stated that they "will not produce the schedules or the W-2s as you demand."

**E.     Requests to Take the Depositions of Blair C. Fensterstock and Brooke C. Haley**

We have previously requested that the Court order Blair C. Fensterstock and Brooke C. Haley, the lawyers for Plaintiff, to be deposed pursuant to the notices of deposition previously served on them.

Contrary to the assertions made in Plaintiff's February 22, 2008 letter to the Court, Mr. Fensterstock and Ms. Haley's positions as litigation attorneys do not preclude the taking of their depositions. Indeed, none of the cases relied upon by Plaintiff in the February 22nd letter to the Court considers the factual circumstances presented in this case, namely, an attorney choosing to insert himself into the discovery process by affirmatively relying on his personal recollection of conversations with Defendants' in-house counsel to form the basis of allegations in the Complaint.

Honorable Richard J. Holwell
United States District Judge
February 29, 2008
Page 8

    The last correspondence from Plaintiff's counsel to the Court asked that a decision on this issue be deferred until after Richard Palmer's deposition. Mr. Palmer was deposed on February 27, 2008. He could not recall making the statements that Plaintiff has alleged that Mr. Palmer made during settlement conversations with Blair Fensterstock. A true and correct copy of portions of Mr. Palmer's February 27, 2008 deposition transcript is attached hereto as Exhibit F. Thus, if Plaintiff wishes to even attempt to use at trial the statements allegedly made by Mr. Palmer as admissions of a party, Plaintiff will need to do so through the testimony of Mr. Fensterstock and Ms. Haley. Defendants are certainly entitled to take the depositions of these individuals to prepare for their cross-examination at trial. Defendants renew their requests that the Court order these two attorneys to appear for deposition.

    Thank you for your continued patience and attention to this matter.

        Respectfully yours,

        M. Christine Carty
      For SCHNADER HARRISON SEGAL & LEWIS LLP

MCC:sh
Enclosures
cc:  Blair C. Fensterstock, Esq.
    Attorneys for Plaintiff