UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN O. MYERS,

                    Plaintiff,

    -against-

07 CIV 4708 (RJH) (GWG)

HSBC INVESTMENTS (USA) INC. and HSBC
SECURITIES (USA) INC.,

                    Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
DEPOSITIONS OF BLAIR C. FENSTERSTOCK AND BROOKE F. HALEY**

SCHNADER HARRISON SEGAL & LEWIS LLP
M. Christine Carty (MC-1796)
140 Broadway, Suite 3100
New York, New York 10005
(212) 973-8000

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ...................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 1

ARGUMENT ......................................................................................................................... 7

I.  Defendants are Entitled to Take the Depositions of Fensterstock and Haley ............................ 7

   A.    Fensterstock and Haley Possess Relevant and Non-Privileged
        Information that is Discoverable under Fed. R. Civ. P. 26(b)(1) ........................................ 8

   B.    Fensterstock's and Haley's Roles as Plaintiff's Litigation
        Counsel Do Not Insulate Them From Deposition ........................................................... 10

      1. Defendants' Need the Depositions of Fensterstock and Haley ...................................... 11

      2. Fensterstock and Haley are Fact Witnesses with
         Directly Relevant Information ....................................................................................... 13

      3. There is No Risk of Privilege or Work Product Issues Arising .................................... 14

      4. Discovery Is Not Complete ........................................................................................... 14

II.  Request for Documents ................................................................................................... 15

CONCLUSION ..................................................................................................................... 16

PHDATA 3084199_2

# TABLE OF AUTHORITIES

## FEDERAL CASES

*ABF Capital Mgmt. v. Askin Capital,*
   Nos. 96 Civ. 2978 (RWS), 2000 WL 191698 (S.D.N.Y. Feb. 10, 2000) ..................................... 9

*Barak Stiftung v. Toepfer,*
   No. 05 Civ. 10157 (RMB)(MH) , 2006 WL 2959168 (S.D.N.Y. Oct. 16, 2006)...................... 15

*Boston Edison Co. v. U.S.,*
   75 Fed. Cl. 557 (Fed. Cl. 2007) ........................................................................................... 11, 13

*Campinas Found. v. Simoni,*
   No. 02 Civ. 3965 (BSJ)(KNF), 2005 WL 1006511 (S.D.N.Y. Apr. 27, 2005) ................... 10, 11

*Cendant Corp. v. Shelton,*
   246 F.R.D. 401 (D. Conn. 2007)................................................................................................ 11

*Daval Steel Products v. M/V Fakredine,*
   951 F.2d 1357 (2d Cir. 1991)..................................................................................................... 8

*Davis v. Ross,*
   107 F.R.D. 326 (S.D.N.Y. 1985) ............................................................................................... 15

*Dopp v. Franklin Nat'l Bank,*
   461 F.2d 873 (2d Cir. 1972)....................................................................................................... 12

*Ehrich v. Binghamton City School Dist.,*
   210 F.R.D. 17 (N.D.N.Y. 2002).................................................................................................. 15

*Frieman v. USAir Group,*
   No. 93 Civ. A. 3142, 1994 WL 675221 (E.D. Pa. Nov. 23, 1994)............................................ 14

*Genal Strap, Inc. v. Dar,*
   No. 2004 CV 1691(SJ)(MDG), 2006 WL 525794 (E.D.N.Y. Mar. 3, 2006) ........................... 12

*In re Air Crash at Belle Harbor, New York on November 12, 2001,*
   241 F.R.D. 202 (S.D.N.Y. 2007) ................................................................................................. 7

*In re Fitch, Inc.,*
   330 F.3d 104 (2d Cir. 2003)........................................................................................................ 7

*In re Hooker Investments, Inc.,*
   116 B.R. 375 (S.D.N.Y. 1990)................................................................................................... 12

PHDATA 3084199_2

*In re Shargel,*
    742 F.2d 61 (2d Cir. 1984)................................................................................. 15

*In re Subpoena Issued to Dennis Friedman,*
    350 F.3d 65 (2d Cir. 2003)............................................................... 10, 11, 15

*Johnson Matthey, Inc. v. Research Corp.,*
    No. 01 CV 8115 (MBM)(FM), 2003 WL 24136087 (S.D.N.Y. Jun. 16, 2003)....................... 8

*Murata Mfg. Co., Ltd.  v. Bel Fuse Inc.,*
    No. M8-85 (JFK), 2007 WL 1174826 (S.D.N.Y. Apr. 20, 2007) ................ 10, 11, 13

*New York Marine & Gen. Ins. Co. v. Tradeline,*
    186 F.R.D. 317 (S.D.N.Y. 1999) ..................................................................... 3

*Oppenheimer Fund, Inc. v. Sanders,*
    437 U.S. 340 (1978)....................................................................................... 8

*Resqnet.Com, Inc.  v. Lansa, Inc.,*
    No. 01 Civ. 3578 (RWS), 2004 WL 1627170 (S.D.N.Y. July 21, 2004) ........... 11, 13

*Shelton v. American Motors Corp.,*
    805 F.2d 1323 (8th Cir. 1986) ................................................................ 11, 12

*Srail v. Village of Lisle,*
    No. 07 C. 2617, 2007 WL 4441547 (N.D.Ill. Dec. 12, 2007) ................................ 11

*Thomas E. Hoar, Inc., v. Sara Lee Corp.,*
    882 F.2d 682 (2d Cir. 1989)............................................................................ 8

*United Phosphorus v. Midland Fumigant,*
    164 F.R.D. 245 (D. Kan. 1995)................................................................. 10, 13

*U.S. v. Philip Morris Inc.,*
    209 F.R.D. 13 (D.D.C. 2002).......................................................................... 11

*U.S. v. Sanders,*
    211 F.3d 711 (2d Cir. 2000)............................................................................. 7

*U.S. v. Scala,*
    432 F.Supp.2d 395 (S.D.N.Y. 2006)............................................................... 15

PHDATA 3084199_2

## STATE CASES

*Matter of Priest v. Hennessy,*
409 N.E.2d 983, 51 N.Y.2d 62 (N.Y. 1980) .............................................................................. 15

## FEDERAL STATUTES

Age Discrimination in Employment Act, 29 U.S.C.A. §621 ......................................................... 1

Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C.A §2000e-3 ............................. 1

## OTHER AUTHORITIES

Fed. R. Evid. 408 ................................................................................................ 7, 9,12,13

Fed. R. Civ. Proc. 26 .................................................................................................. 1, 8

Fed. R. Civ. Proc. 26(a)(1) ............................................................................................... 4

Fed. R. Civ. Proc. 26(b) .......................................................................................... 7, 9, 10

Fed. R. Civ. Proc. 26(b)(1) ......................................................................................... 8, 9

Fed. R. Civ. Proc. 30 .................................................................................................... 3

Fed. R. Civ. Proc. 30(b) ................................................................................................ 3

Fed. R. Civ. Proc. 34 .................................................................................................... 3

Fed. R. Civ. Proc. 37(a) ................................................................................................. 1

Fed. R. Civ. Proc. 37(a)(1) ............................................................................................. 7

Fed. R. Civ. Proc. 45 .................................................................................................... 3

Fed. R. Civ. Proc. 45 (c)(2)(B)(i) ...................................................................................... 3

PHDATA 3084199_2

## PRELIMINARY STATEMENT

Defendants HSBC INVESTMENTS (USA) INC. and HSBC SECURITIES (USA) INC. (collectively "HSBC" or "Defendants"), respectfully submit this Memorandum of Law in support of its Motion, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an order compelling counsel for Plaintiff, Blair C. Fensterstock ("Fensterstock") and Brooke F. Haley ("Haley"), to appear for and produce documents at a deposition.

The motion should be granted because Fensterstock and Haley possess directly relevant, non-privileged information concerning statements purportedly constituting admissions by inside counsel for Defendants. These statements are expressly alleged in the Complaint. Since the testimony sought is not duplicative of prior testimony and is the only available source of the information, none of the reasons set forth in Rule 26 of the Federal Rules of Civil Procedure to limit or deny the request apply.

## STATEMENT OF FACTS

Plaintiff commenced this action against Defendants[1] on May 24, 2007. The action arises out of the termination of Myers' employment with HSBC in January 2007. The Complaint contains nine (9) counts, including age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §621,  unlawful retaliation under the ADEA and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3, and several state law claims, including claims for breach of contract and promissory estoppel. *See* Complaint, a true

---

[1] The Complaint also named as defendants HSBC North America Holdings, Inc., HSBC Finance Corporation and HSBC Holdings PLC.  On November 27, 2007, the parties entered into a joint Stipulation and Order of Discontinuance without Prejudice which dismissed these entities as defendants.

and correct copy of which is attached to the Affirmation of M. Christine Carty ("Carty Aff.") at Exhibit A.

Several paragraphs of the Complaint purport to repeat portions of conversations between Blair C. Fensterstock ("Fensterstock"), Plaintiff's attorney-of-record, and Richard Palmer ("Palmer"), Deputy General Counsel-Litigation of HSBC Securities (USA) Inc. These paragraphs aver that, during the conversations with Fensterstock, Palmer made certain statements that constitute "admissions" of HSBC's alleged discriminatory and retaliatory conduct. *See* Carty Aff., Exh. A at ¶¶ 71, 78-82 and 86. Some averments purport to be direct quotes of Palmer's alleged admissions. *See e.g.*, Carty Aff., Exh. A at ¶80. (Mr. Palmer also stated that "no one thought [Mr. Myers] was a bad employee," that "everyone liked, trusted, and respected [Mr. Myers]," and that they, meaning HSBC, were "not pleased about letting him go.") The Complaint does not allege that there were any other participants in or witnesses to these conversations other than Fensterstock and Palmer. *Id.* Fensterstock signed the Complaint as counsel for Plaintiff.

Plaintiff noticed the deposition of Palmer on January 15, 2008,[2] admittedly to ask about the conversations between Palmer and Fensterstock alleged in the Complaint. A copy of Palmer's Notice of Deposition is attached at Carty Aff., Exhibit B. On February 8, 2008, HSBC

---

[2] In July 2007, the Honorable Judge Richard J. Holwell entered an Scheduling Order which set the completion date for fact discovery on January 31, 2008. Plaintiff did not serve any discovery requests or deposition notices on Defendants until January 15, 2008, sixteen (16) days before the close of discovery. Because Defendants' responses to Plaintiff's discovery demands and deposition notices were scheduled to fall outside of the fact discovery deadline, Defendants' conferred with Plaintiff in an effort to seek a joint application for an extension of discovery dates. Plaintiff refused to consent. By letter to Judge Holwell on January 30, Defendants requested permission to take Plaintiff's deposition outside of the discovery deadline and informed the Court that Defendants would not respond to Plaintiff's discovery demands and deposition notices. Judge Holwell endorsed Defendants' letter on February 7 and ordered that fact discovery be extended to February 29 (the "February 7 Endorsement"). The February 7 Endorsement stated that "[a]ny party may notice depositions for dates between Feb[ruary] 18-29." Following the February 7 Endorsement, Plaintiff immediately re-noticed Palmer's deposition on February 9.

PHDATA 3082085_4

noticed the deposition of Fensterstock, for the express and limited purpose of questioning Fensterstock about the allegations in the Complaint regarding the alleged content of conversations between Fensterstock and Palmer. *See* Carty Aff. at ¶¶ 8, 9, 10. A copy of Fensterstock's Notice of Deposition is attached at Carty Aff., Exhibit C.[3]

Plaintiff's counsel, Jeanne M. Valentine, sent an e-mail to Defendants' counsel on February 9, 2008 objecting to the production of Fensterstock for deposition because Fensterstock is a non-party[4] and "is not a witness" in this matter. Carty Aff., ¶ 11. During a February 12, 2008 meeting between counsel for the parties to resolve discovery disputes, Plaintiff's counsel refused to produce Fensterstock for deposition. *See* Carty Aff. at ¶12. On February 13, 2008 Defendants sent a letter to Plaintiff, advising that if Plaintiff took Palmer's deposition, Defendants would seek an order compelling Fensterstock's deposition because he had voluntarily made himself a witness and is therefore subject to discovery, deposition and cross-examination under Fed. R. Civ. P. 26(b)(1) and 30. A copy of Defendants' February 13, 2008 letter is attached at Carty Aff., Exhibit D. Plaintiff's counsel responded by letter that day, stating

---

[3] Defendants served Fensterstock and Haley with deposition notices in accordance with Fed. R. Civ. P. 30(b). That Defendants served Fensterstock and Haley with deposition notices, as opposed to non-party subpoenas pursuant to Fed. R. Civ. P. 45, is of little consequence. Where a party moves to compel the deposition of the opposing party's attorney-of-record, this Court has not been concerned with whether the moving party served the attorney with a non-party subpoena pursuant to Fed. R. Civ. P. 45, or a notice of deposition pursuant to Fed. R. Civ. P. 30, under the theory that the attorney's relationship is so interwoven with the party that it can be treated as a "party" for discovery purposes. *See. e.g., New York Marine & General Ins. Co. v. Tradeline*, 186 F.R.D. 317, 321 (S.D.N.Y. 1999)("On the merits, the motion to quash is frivolous...why didn't [attorneys] simply treat the subpoenas as Rule 34 requests (and Rule 30 deposition notices)? Why force the Court to read a motion to quash the subpoenas so they can be re-labeled?"). Nonetheless, to the extent Fensterstock and Haley claim that they are non-parties in this matter, Defendants, in the alternative, bring this Motion to Compel pursuant to Rule 45(c)(2)(B)(i). Defendants note, however, that at the March 26, 2008 discovery conference before the Court, Fensterstock advised the Court that he would not require Defendants to serve him with a subpoena in the event the Court issues an order compelling his deposition.

[4] This statement is without merit as it is indisputable that Fensterstock was acting as Plaintiff's agent during his negotiation conversations with Palmer.

that "[w]e intend to proceed with the deposition of Richard Palmer." A copy of the February 13, 2008 letter from Plaintiff's counsel is attached at Carty Aff., Exhibit E.

Defendants wrote to the Court on February 15, 2008 requesting that a conference be scheduled, in part to address Plaintiff's refusal to produce Fensterstock for deposition. A copy of Defendants' February 15, 2008 letter is attached at Carty Aff., Exhibit F. Plaintiff responded by letter to the Court on February 19, 2008 opposing Defendants' request to take Fensterstock's deposition, on the grounds that: (1) there were other "witnesses" to the alleged conversations between Fensterstock and Palmer, including Nancy Walsh, HSBC Vice President of Human Resources ("Walsh") and Brooke K. Haley ("Haley"), an associate with Fensterstock's firm[5]; (2) Defendants' Fed. R. Civ. P. 26(a)(1) Disclosures listed Palmer as a person likely to have discoverable information, but did not list Fensterstock as a necessary witness; (3) Defendants had consented to the depositions of Walsh and Palmer, who were able to testify about the content of conversations; (4) the law disfavors taking the deposition of a party's attorney; and (5) Fensterstock is not a "witness" to Defendants' alleged acts of discrimination and retaliation. A copy of the Plaintiff's February 19, 2008 letter is attached at Carty Aff., Exhibit G. The depositions of Palmer and Walsh had not been taken as of February 19, 2008. Carty Aff. at ¶17.

On February 20, 2008, Plaintiff took the deposition of Walsh who testified that she had participated and/or heard only a part of one conversation between Fensterstock and Palmer, and that the only issue she discussed or heard discussed at that time pertained to Plaintiff's medical coverage under COBRA. Walsh's testimony conflicts with the allegations in the Complaint

---

[5] According to Plaintiff's February 19, 2008 letter, Palmer and Walsh participated in two conversations with Plaintiff's counsel, but Fensterstock personally participated in only one of those conversations. Plaintiff claims that Haley alone participated in the second conversation with Palmer. *See* Carty Aff., Exh. G.

PHDATA 3082085_4

regarding the nature and extent of the conversations between Palmer and Fensterstock.  A true and correct copy of portions of Walsh's February 20, 2008 deposition transcript is attached at Carty Aff., Exh. H.

Based on Walsh's deposition testimony, Defendants sent a letter to the Court on February 21, 2008 to correct the material factual errors made in Plaintiff's February 19, 2008 letter to the Court, to renew its request to take Fensterstock's deposition and to request permission to take the deposition of Haley.[6]  A copy of the Defendants' February 21, 2008 letter is attached at Carty Aff., Exh. I.

Plaintiff wrote to the Court on February 22, 2008 opposing Defendants' second request to depose Fensterstock and their request to depose Haley, this time asserting that

> [o]nce Mr. Palmer is deposed…there shall be no basis on which to hold a deposition of Plaintiff's attorneys regarding statements made by Mr. Palmer…Mr. Palmer has not yet testified. Until he is deposed, Ms. Carty offers this Court no reason to justify the deposition of anyone else regarding Mr. Palmer's own statements. Nevertheless, even after Mr. Palmer testifies, Plaintiff's attorneys should not be subject to deposition because it would be unnecessary, cumulative and inappropriate.

A copy of the Plaintiff's February 22, 2008 letter is attached at Carty Aff., Exh. K.

Plaintiff took the deposition of Palmer on February 27, 2008.  Palmer testified that he could not recall making the statements that Plaintiff has alleged Palmer made during settlement conversations with Fensterstock.  A true and correct copy of portions of Palmer's February 27, 2008 deposition transcript is attached at Carty Aff., Exh. L.

---

[6] Defendants served Haley with a deposition notice on February 21, 2008.  A copy of Haley's Notice of Deposition is attached at Carty Aff., Exh. J.

Based on Palmer's testimony, Defendants sent a letter to the Court on February 29, 2008 in part to renew their request to take the deposition of Fensterstock and Haley stating that it had now become clear that "if Plaintiff wishes to even attempt to use at trial the statements allegedly made by Mr. Palmer as admissions of a party, Plaintiff will need to do so through the testimony of Mr. Fensterstock and Ms. Haley." A copy of the Defendants' February 29, 2008 letter is attached at Carty Aff., Exh. M.

Plaintiff's counsel objected to Defendants' request in a March 11, 2008 letter to the Court, alleging that: (1) because Walsh and Palmer merely testified that they "do not recall" the specific words of Palmer's admissions, there is "no basis on which to challenge the veracity of the allegations" and, therefore, no basis to depose or cross-examine Plaintiff's counsel; (2) Plaintiff's counsel can submit sworn affidavits in lieu of live testimony attesting to Palmer admissions, which "Defendants will have no occasion to dispute"; and (3) there will be negative ramifications on the relevance of party admissions made to opposing counsel if the Court were to compel the depositions of Fensterstock and Haley. A copy of the March 11, 2008 letter from Plaintiff's counsel is attached at Carty Aff., Exh. N.

The parties appeared for a conference before the Court on March 26, 2008 (the "March 26 Conference"). Among the issues before the Court was Plaintiff's refusal to produce Fensterstock and Haley for deposition. Carty Aff. at ¶ 25. At the March 26 Conference, in response to an inquiry from the Court, Fensterstock represented that he did not intend to testify at trial or to call Haley as a witness and refused to withdraw from the Complaint the allegations pertaining to Palmer's alleged statements to Fensterstock. Carty Aff. at ¶ 26. In refusing to withdraw the allegations, Fensterstock stated that Plaintiff had the "right" to use the allegations as evidence and to cross-examine Defendants' witnesses about such allegations at trial. Carty

PHDATA 3082085_4

Aff. at ¶ 27.  Among other points, Defendants' counsel argued that if the Complaint with the allegations of the contents of Fensterstock's conversations with Palmer is admitted into evidence at trial, Defendants should be entitled to cross-examine Fensterstock and Haley about those conversations.  However, Defendants' counsel's ability to prepare for such cross-examinations will be compromised if Defendants are not permitted to depose Fensterstock and Haley in connection with these allegations.  Defendants' counsel also argued that Defendants need the depositions to prepare to make a motion in limine pursuant to FRE 408 to exclude from evidence the conversations as confidential settlement discussions.  Carty Aff. at ¶ 28.  The Court thereafter instructed Defendants to file this Motion to Compel Fensterstock and Haley to appear for deposition.  Carty Aff. at ¶ 29.

## ARGUMENT

### I.    Defendants Are Entitled to Take the Depositions of Fensterstock and Haley

Fed. R. Civ. P. 37(a)(1) provides that upon "notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  A motion to compel is entrusted to the sound discretion of the district court.  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003), citing *U.S. v. Sanders*, 211 F.3d 711, 730 (2d Cir. 2000).  Generally, in assessing the merits of a motion to compel the Court will determine whether the moving party's discovery request falls within the parameters of Fed. R. Civ. P. 26(b).  *See e.g., In re: Air Crash at Belle Harbor, New York on November 12, 2001*, 241 F.R.D. 202 (S.D.N.Y. 2007).

Where, as here, the specific position or role of a deponent is at issue, *i.e.*, the deponent is an attorney, the Court may engage in further analysis to determine if the deponent, by virtue of his or her position, may be shielded from his or her discovery obligations.  *See e.g., In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2d Cir. 2003).

PHDATA 3082085_4

A.    **Fensterstock and Haley Possess Relevant and Non-Privileged Information that is Discoverable under Fed. R. Civ. P. 26(b)(1).**

Fed. R. Civ. P. 26(b)(1) provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

It is the obligation of the party from whom discovery is requested to provide discovery that is relevant to the case. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991). "Relevance" under Fed. R. Civ. P. Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir.1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy").

The discovery regime set out by the Federal Rules of Civil Procedure is interpreted as extremely permissive; so long as the discovery sought is relevant to a claim or defense in a case, no special showing must be made by the requesting party. *See Johnson Matthey, Inc. v. Research Corp.*, No. 01 CV 8115 (MBM)(FM), 2003 WL 24136087, at *3 (S.D.N.Y. Jun. 16, 2003). ("Rule 26(b)(1) requires a showing of relevance. Where the discovery sought is relevant to a claim or defense, no special showing must be made. When the disclosure is relevant only to the subject matter of the litigation, the Rule requires a showing of 'good cause.' This, however, is

hardly an insurmountable burden. *See* Fed.R.Civ.P. 26(b)(1) advisory committee note ('The good-cause standard warranting broader discovery is meant to be flexible.')").

It cannot be disputed Fensterstock and Haley possess first-hand knowledge concerning Palmer's alleged "admissions" during conversations among Fensterstock and/or Haley and Palmer or that the information is directly relevant to Plaintiff's claims. Paragraphs 71 and 78 of the Complaint aver that Fensterstock participated in the conversations during which the alleged admissions were made. Carty Aff., Exh. A.    In a February 9, 2008 e-mail to Defendants, Plaintiff's counsel expressly admitted this relevancy, stating that "Mr. Palmer's prior statements are wholly discoverable and the proper subject of inquiry at deposition as well as in interrogatories and through documentary discovery, since all relevant material is discoverable under FRE 26, whether it involves settlement negotiations or not."[7] Carty Aff. at ¶ 11.  Plaintiff has deposed both Palmer, regarding his alleged "admissions" during the settlement conversations, and Walsh, regarding her recollection of Palmer's alleged statements[8].  *See* Carty Aff., Exh. H and L.   Clearly, as participants in the same settlement conversations, Fensterstock and Haley, like Walsh and Palmer, are fact witnesses with directly relevant information to the

---

[7]  The caselaw interpreting Federal Rule of Evidence ("FRE") 408 is clear that FRE 408 limits the admissibility at trial of statements made during the course of negotiations, but does not govern the discoverability of such statements under Fed. R. Civ. P. 26(b). *See e.g., ABF Capital Mgmt. v. Askin Capital*, No. 96 Civ. 2978 (RWS), 2000 WL 191698, at *1 (S.D.N.Y. Feb. 10, 2000) ("As this Court has previously had occasion to note, while Rule 408 of the Federal Rules of Evidence may limit the introduction at trial of evidence regarding settlement negotiations, it does not itself govern discovery").  For this reason, Defendants did not oppose the depositions of Walsh and Palmer about statements made during settlement negotiations.   For the same reason, Defendants are now entitled to depose Fensterstock and Haley about those conversations.

[8]  Plaintiff has not asserted that Walsh made "admissions" during the conversations between Palmer and Fensterstock. Accordingly, any claim by Fensterstock and Haley that they should not be deposed because they did not individually make any "admissions" to Palmer or Walsh is without merit.

allegations in paragraphs 71 and 78 of the Complaint. And, there can be no argument that the conversations implicated the attorney-client privilege.

**B.    Fensterstock's and Haley's Roles as Plaintiff's Litigation Counsel Do Not Insulate Them From Deposition.**

While generally courts disfavor granting depositions of attorneys, such disfavor "is not a talisman for the resolution of all controversies of this nature." *Campinas Found. v. Simoni*, No. 02 Civ. 3965 (BSJ) (KNF), 2005 WL 1006511, at *2, (S.D.N.Y. April 27, 2005)(citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003)). The fact that a proposed deponent is a lawyer, or even the attorney-of-record in the underlying case, does not automatically insulate him or her from deposition, but is one of the circumstances to be considered by the court. *See, e.g., Murata Mgf. Co., Ltd. v. Bel Fuse Inc.*, No. M8-85 (JFK), 2007 WL 1174826, at *2 (S.D.N.Y. Apr. 20, 2007)("Attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source of discovery by virtue of their license to practice law or their employment by a party to represent them in litigation.")(citing *United Phosphorus v. Midland Fumigant*, 164 F.R.D. 245, 248 (D.Kan. 1995)).

The United States Court of Appeals for the Second Circuit has adopted a "flexible approach" to the depositions of an opposing party's attorney under Fed. R. Civ. P. 26(b), "whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 72. The relevant facts and circumstances to be considered include "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent

PHDATA 3082085_4

of discovery already conducted." *Id. See also Murata Mfg. Co., Ltd., supra* (permitting depositions of attorneys to proceed after *Friedman* analysis); *Cendant Corp. v. Shelton,* 246 F.R.D. 401, 404-08 (D. Conn. 2007) (same); *Campinas Found., supra* (applying *Friedman* analysis); *Resqnet.Com, Inc. v. Lansa, Inc.,* No. 01 Civ. 3578 (RWS), 2004 WL 1627170 (S.D.N.Y. July 21, 2004)(same).[9]

Plaintiff affirmatively relies on the recollections of Fensterstock and/or Haley of conversations with Palmer, in-house counsel for Defendants, as the basis for several allegations in the Complaint. An analysis of the factors set forth in *Friedman* clearly weighs in favor of compelling the depositions of Fensterstock and Haley.

    1.    <u>Defendants Need the Deposition Testimony of Fensterstock and Haley.</u>

Defendants have a clear need for the depositions of Fensterstock and Haley. Fensterstock and Haley are the only witnesses who heard or participated in the conversations with Palmer **and** who allegedly can recall specific statements made by Palmer during those conversations.

---

[9] By adopting this approach, the Second Circuit expressly rejected the rigid standard set forth by the Eighth Circuit in *Shelton v. American Motors Corporation,* 805 F.2d 1323 (8th Cir. 1986), for determining whether the deposition of a lawyer should be permitted. *See In Re Friedman,* 350 F.3d at 67 (observing as an initial matter that the Second Circuit never adopted the *Shelton* test, and making it clear that *Shelton* had "improperly guided the District Court's exercise of discretion"). In *Shelton,* the Eighth Circuit Court of Appeals crafted a rigid three-prong test for determining whether circumstances warrant allowing the deposition of opposing counsel, whereby a party must show that: (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information sought is crucial to the preparation of the case. *See id.,* at 1327.

Even assuming, *arguendo,* that the Second Circuit had opted to follow the *Shelton* standard, the application of the *Shelton* analysis to the request to depose Fensterstock and Haley would be misplaced. Those courts that have adopted the *Shelton* standard have clearly held that the *Shelton* analysis is inapplicable in cases where the attorney is sought to be deposed solely as a fact witness, and not in his capacity as counsel. *See e.g., Boston Edison Co. v. U.S.,* 75 Fed.Cl. 557 (Fed. Cl. 2007)(*Shelton* test deemed inapplicable and government permitted to depose Plaintiff's attorney-of-record where attorney had independent knowledge of the facts underlying the litigated cause of action); *Srail v. Village of Lisle,* No. 07 C. 2617, 2007 WL 4441547, at *2 (N.D.Ill. Dec. 12, 2007)(The *Shelton* analysis held not to apply when the topics of deposition involve counsel's knowledge of a prior underlying matter that is relevant to the current litigation); *U.S. v. Philip Morris, Inc.,* 209 F.R.D. 13 (D.D.C.. 2002)(*Shelton* test held inapplicable where the government was not seeking to depose counsel about the defense or litigation strategies related to the case). In this case, Defendants have repeatedly advised Plaintiff and the Court of its intent to depose

*...Continued*

PHDATA 3082085_4

Neither Palmer nor Walsh recalled during their depositions any of the statements that Plaintiff has attributed to Palmer in the Complaint. *See* Carty Aff., Exhs. H and L. There were no other witnesses to these conversations other than Palmer, Fensterstock, Walsh and Haley. After taking the depositions of Palmer and Walsh, Fensterstock and Haley have emerged as the only allegedly "knowledgeable" witnesses to these alleged statements, the contents and context of which are disputed by Defendants. *See Genal Strap, Inc. v. Dar,* No. 2004 CV 1691 (SJ)(MDG), 2006 WL 525794, at *1-3 (E.D.N.Y. Mar. 3, 2006) (allowing deposition of counsel where, among other things, the attorney is the "only source of information" regarding issues in dispute).

In addition, Plaintiff has expressly refused to withdraw the allegations from the Complaint pertaining to Palmer's alleged statements to Fensterstock and has conveyed his intent to rely on and cross-examine Defendants' witnesses regarding these allegations at trial. Without the depositions of Fensterstock and Haley, Defendants will be unfairly prejudiced in their preparation for trial and the direct and cross-examinations of witnesses at trial in the subject of the admissions. [10]

---

*Continued from previous page*
Fensterstock and Haley as fact witnesses concerning Palmer's alleged "admissions," thus rendering the *Shelton* standard inapplicable.

[10] The suggestion by Plaintiff's counsel that, instead of being deposed, Fensterstock and Haley should be allowed to submit "affidavits" in place of trial testimony is bizarre. Defendants should not be limited to (and Plaintiff should not benefit from) self-serving, unilateral and untested affidavits from Plaintiff's counsel regarding alleged essential elements of Plaintiff's claim. Rather, Defendants should be allowed to test, among other things, Mr. Fensterstock and Ms. Haley's memory, bias and credibility, as well as the circumstances surrounding their conversations with Mr. Palmer and whether those conversations are protected under a settlement privilege. *See* FRE 408. The fact that HSBC's witnesses do not specifically recall the conversations alleged in the Complaint has no bearing on whether Defendants should be afforded an opportunity to examine Mr. Fensterstock and Ms. Haley. The admission of an affidavit by Plaintiff's counsel at a later date in this case would be "unduly prejudicial, having afforded no opportunity for cross-examination to the opposing parties on a critical aspect" of the Plaintiff's claims in this case. *See In re Hooker Investments, Inc.,* 116 B.R. 375, 381 (S.D.N.Y. 1990). *See also Dopp v. Franklin National Bank,* 461 F.2d 873 (2d Cir. 1972) (a court generally should not resolve a factual dispute on affidavits, particularly when to do so would resolve the disputed facts in favor of the party who has the burden of establishing its right to relief).

Finally, Defendants expect to make a motion in limine to preclude any evidence of the content of the settlement conversations under Fed. R. Evid. 408. The testimony of Fensterstock and Haley is relevant also to the nature and scope of the conversations.

2.    Fensterstock and Haley are Fact Witnesses With Directly Relevant Information.

That Fensterstock and Haley are Plaintiff's litigation counsel in this case does not shield them from deposition as fact witnesses. According to the allegations in the Complaint, the alleged conversations between Fensterstock and Palmer occurred on February 12, March 8 and April 25, 2007. *See* Carty Aff., Exh. A.  Plaintiff, however, did not file the Complaint until May 24, 2007 and Fensterstock did not notice his appearance as Plaintiff's litigation counsel until July 26, 2007.  Fensterstock, thus, clearly became a fact witness with relevant information concerning certain facts underlying the Complaint long before he assumed the role of Plaintiff's attorney-of-record in the litigation.  This Court has held that a party should not be able to avoid inquiry into a relevant subject by choosing as a trial attorney the same attorney who participated in or possesses knowledge of pre-litigation facts.  *See Murata Mfg. Co., Ltd., supra,* 2007 WL 1174826 at *2; *Resqnet.Com, Inc., supra,* 2004 WL 1627170 at *3 (citing *United Phosphorus, Ltd., supra,* 164 F.R.D. at 249 ("When a party employs counsel to represent it in a case where an attorney has played a role in the underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested"); *See also Boston Edison Co. v. U.S.,* 75 Fed. Cl. 557 (Ct. Fed. Cl. 2007)(Permitting the deposition of attorney who was currently serving as a member of plaintiff's legal team; deposition was sought in order to question attorney as a fact witness on his independent knowledge of facts underlying the case.)

Further, Courts have expressly permitted parties to depose litigation counsel regarding statements made in negotiations that preceded the initiation of litigation. *See e.g., Frieman v.*

*USAir Group, Inc.*, No. 93 Civ. A. 3142, 1994 WL 675221, at *5 (E.D. Pa. Nov. 23, 1994). In *Frieman*, the defendant insurance company in a personal injury suit moved to compel the deposition of plaintiff's former attorney-of-record, in part to question him about statements made during negotiations with defendants' representatives in connection with an earlier claim made by Plaintiff. Plaintiff's attorney opposed the deposition arguing that "because he represented the plaintiffs in the instant case, the defendants may not depose him." The Court held that "[i]f an attorney of record possess relevant, non-privileged information, that information ought to be discoverable, just as it would be if possessed by a party or a non-party to the litigation" (internal citations omitted).

3.    There is No Risk of Privilege or Work Product Issues Arising.

Defendants are not seeking privileged or work product information in the depositions of Fensterstock and Haley. Defendants will agree to limit the depositions of Fensterstock and Haley to questions regarding the conversations between Palmer and Fensterstock and/or Haley and any facts relating to bias. Plaintiff may object during the deposition of Fensterstock and/or Haley to any questions or requests that call for attorney-client privileged information or the attorney work product.

4.    Discovery is Not Complete.

Discovery in this case is not complete. The Court has yet to rule on the discovery issues raised by Defendants in its February 29, 2008 correspondence to the Court, including Plaintiff's selective production of attorney-client communications and work-product and Defendants' request for leave to subpoena the records of Louis A. Mangone, Esquire. Further, Plaintiff has not yet produced to Defendants many of the documents and information which the Court ordered be produced by Plaintiff at the March 26, 2008 conference.

All *Friedman* factors favor compelling the depositions of Fensterstock and Haley.

PHDATA 3082085_4

**II.    Request for Documents**

Defendants also request that the Court order Fensterstock and Haley to produce the following documents and tangible things at their depositions:

1.    Any and all fee arrangements and retainer agreements executed and entered into between Plaintiff and Fensterstock or Fensterstock & Partners, LLP.[11]

2.    Any and all notes and memoranda of Fensterstock or Haley which record or describe the conversations between Fensterstock, Haley, Palmer and Walsh during which Plaintiff has alleged Palmer made "admissions" to Plaintiff's counsel.

3.    All documents and or recordings which Fensterstock and Haley relied on in crafting paragraphs 71, 78-82 and 86 of the Complaint (which purport to contain direct quotes from Palmer's alleged "admissions."

---

[11] Defendants are entitled "to probe for [witness] bias by inquiring into the existence and nature of the relationship" between Plaintiff and Fensterstock and Haley.  *See Davis v. Ross, 107 F.R.D. 326* (S.D.N.Y. 1985)(Former employee was entitled to discover what, if any, fee arrangements and retainer agreements were entered into between attorney and former employer). Courts do not consider fee arrangements and retainer agreements to be privileged communications. *See e.g., Barak Stiftung v. Toepfer*, No. 05 Civ. 10157 (RMB)(MH), 2006 WL 2959168, at *5 (S.D.N.Y. October 16, 2006)("[F]ee arrangements and the general nature of the work performed by an attorney are not protected by the privilege."); *U.S. v. Scala*, 432 F.Supp.2d 395 (S.D.N.Y. 2006)(Disclosure of attorney fee information is not privileged under attorney-client privilege); *Ehrich v. Binghamton City School Dist.*, 210 F.R.D. 17, 20 (N.D.N.Y. 2002)("In New York and under federal common law, retainer and fee agreements are not privileged communications." *Matter of Priest v. Hennessy*, 51 N.Y.2d 62, 431 N.Y.S.2d 511, 409 N.E.2d 983 (N.Y.1980); *In re Shargel*, 742 F.2d 61, 62 (2d Cir.1984)).

## CONCLUSION

For the reasons set forth above, Defendants' respectfully requests that this Court grant Defendants' Motion to Compel Fensterstock and Haley to appear for and produce documents at deposition and for such other and further relief that it deems just.

Dated: New York, New York
April 24, 2008

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _M. Christine Carty_
     M. Christine Carty (MCC-1796)
140 Broadway, Suite 3100
New York, New York 10005-1101
(212) 973-8000

*Attorneys for Defendants*
HSBC Investments (USA) Inc. and
HSBC Securities (USA) Inc.

16                                    PHDATA 3082085_4