# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOHN MYERS,  :  Case No. 07-CV-4078 (RJH) (GWG)

                Plaintiff,  :  **DEFENDANTS'**
                              **FIRST DEMAND FOR**
                              :  **THE PRODUCTION**
                                **OF DOCUMENTS**

        - against -  :

HSBC INVESTMENTS (USA) INC., HSBC  :
NORTH AMERICA HOLDINGS INC., HSBC
SECURITIES (USA) INC., HSBC FINANCE  :
CORPORATION, and HSBC HOLDINGS PLC,

                :

                Defendants.  :
------------------------------------------------------------x

       Defendants HSBC INVESTMENTS (USA) INC. and HSBC SECURITIES (USA) INC., by and through their attorneys, Schnader Harrison Segal & Lewis LLP hereby request that Plaintiff John Myers respond to Defendants' First Demand for the Production of Documents as set forth below within thirty (30) days of service pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. The documents are to be produced at the offices of Schnader Harrison Segal & Lewis LLP, 140 Broadway, Suite 3100, New York, New York.

## DEFINITIONS AND INSTRUCTIONS

1.    "Defendants" means HSBC Investments and HSBC Securities.

2.    "HSBC Investments" means defendant HSBC Investments (USA) Inc.

3.    "HSBC Securities" means defendant HSBC Securities (USA) Inc.

4.    "HSBC Finance" means defendant HSBC Finance Corporation.

1

PHDATA 3011815_1

RECEIVED
VIA Hand Del.
NOV 0 7 2007
By

5. "HSBC Holdings" means defendant HSBC Holdings plc.

6. "HSBC North America Holdings" means defendant HSBC North America Holdings Inc.

7. "Document" includes, without limitation, any written, printed, typed, recorded, graphic, photographic or video matter, or mechanical or electronic sound reproductions and transcripts, however produced, reproduced, or stored, of whatever kind or description, whether originals or drafts of any kind, and all copies thereof which are different in any way (whether by interlineation, receipt stamps, notations, indication of copies sent or received, or otherwise), regardless of whether designated "confidential," "privileged," or otherwise, in the possession or control of Plaintiff, his employees, consultants, accountants, attorneys or other agents, or known by Plaintiff to exist. Recordings of any kind are documents as used herein, and include, but are not limited to, recordings of telephone conversations, voicemails (sent and/or received) interviews and meetings. The term "document" further includes, without limitation, any paper, book, e-mail, accounting journal, index, photograph, microfilm, microcard, magnetic tape, video recording, drawing, agreement, telegram, memorandum, report, record, transcript, note, notation, annotation, working paper, correspondence, communication, chart, minutes, log book, check stub, canceled check, form, invoice, schedule or graph. It also includes any other graphic, written, recorded, transcribed, punched, taped or filmed matter, however produced, reproduced or stored.

8. "Plaintiff" or "Myers" refers to John Myers and any person or persons acting on his behalf.

9. "Relating to" means constituting, pertaining to, regarding, referring to, reflecting, concerning, setting forth, describing, explaining, recording, summarizing, showing or

being in any way logically or factually connected with the matter described.

10. "You" and "Your" means John Myers and any person or persons acting on his behalf.

11. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb. In each such instance, the request shall be construed so as to require the most complete response.

12. This First Request for the Production of Documents shall be deemed to be continuing, so as to require supplemental responses where you or your attorney(s) come into the possession of responsive information or documents that have not been supplied previously. Such supplemental responses are to be made as soon as reasonably possible after the information or documents are obtained. The date such additional information or documents came into your possession and the identity of the individuals who furnished such additional information or documents to the person providing the response shall be specified.

13. Where a claim of privilege is asserted in objecting to any Document Request, or subpart thereof, and an answer is not provided on the basis of such assertion, you or your attorney asserting the privilege shall in the objection to the Document Request, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's law privilege rule being invoked. You or your attorney shall also provide the following information in the objection, unless divulgence of such information would cause

disclosure of the allegedly privileged information:

(a) for documents: the type of document; general subject matter of the document; the date of the document; and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other;

(b) for oral communications: the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; the date and place of communication; and the general subject matter of the communication.

14. Except as otherwise stated herein, each of these requests applies to the time period from January 1, 1999 to the present.

15. If you cannot produce the requested documents in full, after exercising due diligence to do so, so state and produce the documents to the extent possible, specifying your inability to produce the remainder, stating whatever information or knowledge you have concerning the unproduced portion and detailing what you did in attempting to secure such remaining documents.

## DOCUMENT REQUESTS

1. All HSBC documents in Plaintiff's possession, custody or control.

2. All communications with any present or former employee of any HSBC entity.

3. All documents, including but not limited to all notes, memos, diaries, calendars, emails or correspondence, relating to Plaintiff's employment at HSBC Investments, or the termination thereof.

4. All notes, recordings, emails or documents relating or referring to any meetings or discussions between Myers and Joanna Munro, Steve Baker, Andrew Ireland, Bruce Pflug, Nancy Walsh, Karen Ferris, Thuy Nguyen, James Detmer, Olivier Gayno and Leon Goldfeld regarding an alternative position for Myers within HSBC.

5. All documents, including but not limited to emails, resumes, letters, and facsimiles, regarding Plaintiff's efforts to find alternative employment at HSBC subsequent to receiving notification that his employment with HSBC Investments would be terminated.

6. All documents supporting Plaintiff's claim that he applied for the following positions: Chief Investment Officer, Head of Third Party Distribution, Product Manager, Investment Specialist and Institutional Sales.

7. All documents relating to or supporting Plaintiff's allegation that Defendants violated its employment policies.

8. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Securities discriminated against him on the basis of his age.

9. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Investments discriminated against him on the basis of his age.

10. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Finance discriminated against him on the basis of his age.

11. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Holdings discriminated against him on the basis of his age.

12. All documents relating to or supporting Plaintiff's allegation that defendant HSBC North America Holdings discriminated against him on the basis of his age.

13. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Securities unlawfully retaliated against Plaintiff.

14. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Investments unlawfully retaliated against Plaintiff.

15. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Finance unlawfully retaliated against Plaintiff.

16. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Holdings unlawfully retaliated against Plaintiff.

17. All documents relating to or supporting Plaintiff's allegation that defendant HSBC North America Holdings unlawfully retaliated against Plaintiff.

18. All documents regarding or relating to any applications for employment submitted by Plaintiff or efforts by Plaintiff to find alternative employment in or around 2002 when his title changed from Chief Executive Officer of HSBC Investments to Head of Intermediary Sales.

19. All documents regarding or relating to any bonuses or awards that Plaintiff received while employed by HSBC Investments.

20. Any performance reviews or documents relating to Plaintiff's performance while he was employed by HSBC Investments.

21. Any and all budgets, revenue projections, financial statements, and/or profit and loss statements for any department or division to which Plaintiff was assigned while he was employed by HSBC Investments.

22. All documents relating or referring to the performance of Myers's wholesaling team.

23. All documents, including but not limited to all calendars, emails, memos or notes, relating to the meeting that occurred on or about December 11, 2006 where Myers's and the wholesaling team were notified that their positions were being eliminated.

24. All documents, notes or memos relating to conversations or communications Plaintiff had with Steve Baker.

25. All documents or notes relating to Plaintiff's allegation in Paragraph 59 of the Complaint that Bruce Pflug described Plaintiff as "a low risk choice for [the] project" and as having "integrity and focus."

26. All documents, including but not limited to all emails, notes, job descriptions and letters regarding the investment specialist positions referred to in the Complaint.

27. All documents, including but not limited to all emails, notes, job descriptions and letters regarding the wholesaler positions referred to in the Complaint.

28. All documents or notes relating to any discussions Myers had with Steven Plump about the Head of Third Party Distribution position, or any other matters related to the elimination of Myers' position, the wholesaling team or Myers's efforts to find alternative employment at HSBC.

29. All documents or notes relating to any discussions Myers had with John Schiro relating to the Institutional Sales position, or any other matters related to the elimination of Myers' position, the wholesaling team or Myers's efforts to find alternative employment at HSBC.

30. All documents or notes relating to any discussions Plaintiff, or Plaintiff's counsel had with Richard Palmer regarding the elimination of Myers' position, the wholesaling team, COBRA coverage or Myers's efforts to find alternative employment at HSBC.

31. All documents, including but not limited to copies of all medical bills, receipts and invoices, supporting Plaintiff's allegation in Paragraph 88 of the Complaint that he incurred costs for COBRA premiums and other medical-related expenses.

32. All federal, state, and local income records of Plaintiff (including, without limitation, forms 1099, 1099-G, W-2, and W-2P) for each year from 1999 through present.

33. Copies of all federal, state, and local tax returns and personal net worth statements, prepared and/or filed for each year from 1999 through present, including all forms, schedules, exhibits, or other attachments thereto.

34. All documents, including but not limited to emails, resumes, letters and facsimiles, evidencing or relating to any efforts by Plaintiff to locate employment after December 7, 2006.

35. All documents relating to any offers of employment made to Plaintiff from 1999 through present.

36. All documents relating to any income derived by Plaintiff from January 27, 2007 to the present.

37. All documents relating to any income that Plaintiff expects to or presently is entitled to earn in the future.

38. All documents relating to or supporting any claim for damages alleged by Plaintiff in this action.

39. All documents concerning, relating to, or supporting any claims or injuries alleged in the Complaint.

Dated: New York, New York  
November 7, 2007

SCHNADER HARRISON SEGAL & LEWIS LLP

*(signature)*

M. Christine Carty (MCC-1976)  
Jane H. Kauh (JK-9298)  
140 Broadway, 31st Floor  
New York, New York 10005  
(212) 973-8000

*Attorneys for Defendants*