# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN O. MYERS,

                       Plaintiff,

      – against –

HSBC INVESTMENTS (USA) INC., HSBC
NORTH AMERICA HOLDINGS INC., HSBC
SECURITIES (USA) INC., HSBC FINANCE
CORPORATION, and HSBC HOLDINGS PLC,

                       Defendants.
-----------------------------------------------------------x

Case No. 07-CV-4078 (RJH) (GWG)

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' FIRST DEMAND
FOR THE PRODUCTION
OF DOCUMENTS**

      Planitiff John O. Myers, through his attorneys, Fensterstock & Partners LLP, answers, responds and objects to the Defendants' First Demand for the Production of Documents as follows:

## GENERAL OBJECTIONS

      Plaintiff hereby incorporates by reference each of the following General Objections in his response to each specific discovery request.

      1.    Plaintiff objects to these discovery requests to the extent that they seek to impose duties beyond those required by the FRCP, or any applicable court or local rules.

      2.    Plaintiff objects to these discovery requests to the extent that they call for disclosure of information protected by the attorney-client privilege, the work product doctrine, FRCP Rule 26, FRCP Rule 34, or any other applicable Federal or common law, or other applicable privileges and immunities. Plaintiff does not intend to waive the attorney-client privilege or any other protection, and these responses shall not be deemed to be any such waiver.

      3.    Plaintiff objects to these discovery requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome and oppressive, and seek information that is not

reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to these discovery requests to the extent that they are excessive in detail required.

5. Plaintiff objects to these discovery requests to the extent that they call for information that is not relevant and/or material and necessary to the prosecution or defense of this action.

6. Plaintiff objects to these discovery requests to the extent that they are overly broad in time and/or scope.

7. Plaintiff objects to these discovery requests to the extent that they seek purely legal conclusions and opinions.

8. Plaintiff objects to these discovery requests to the extent that they contain words or phrases that are confusing or lacking in sufficient certainty to permit a response. In its responses below, Plaintiff responds to the extent he understand such discovery requests.

9. Plaintiff objects to each discovery request to the extent that it seeks a response that is duplicative of responses to one or more of defendants' other requests.

10. The responses given herein, or the production of documents or tangible things by Plaintiff in response to any one or more of the discovery requests, shall not be deemed to waive any claim of privilege or immunity Plaintiff may have as to any response, document or thing, or any question or right of objection as to competency, relevancy, materiality or admissibility, or any objection Plaintiff may have as to a demand for further response to these or other discovery requests.

11. Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response is an admission respecting the relevance or admissibility in evidence of any statement or characterization contained in any discovery request.

12. The responses to these discovery requests, when made, will be made without waiver of, or prejudice to, any objections herein made, and all such objections are hereby expressly reserved.

13. Plaintiff's responses to these discovery requests may not be complete because discovery in this action is ongoing. Plaintiff will not be limited by his responses herein if, as this action progresses, Plaintiff gathers additional information responsive to the discovery requests or any individual discovery request set forth herein. Plaintiff reserves the right to correct, clarify, modify, amend or supplement these objections and responses including, but not limited to, adding information subsequently discovered or inadvertently omitted, or amending responses mistakenly stated herein when failure to do so would be construed as materially misleading.

14. These General Objections are applicable to and are incorporated in each specific response herein without further reference. The insertion of specific objections in the responses to any discovery request shall not be construed as a waiver of such objection in any other response.

## RESPONSE TO DOCUMENT REQUESTS

1. All HSBC documents in Plaintiff's possession, custody or control.

**Response:** Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

2. All communications with any present or former employee of any HSBC entity.

**Response:** Plaintiff objects to this demand as it is vague and overly broad, and because it seeks irrelevant material not reasonably calculated to lead to admissible evidence. Plaintiff further objects to this request on the ground that it seeks the production of material that is confidential. Subject to and without waiving these objections, Plaintiff will produce any responsive documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the

3

parties.

3.  All documents, including but not limited to all notes, memos, diaries, calendars, emails, or correspondence, relating to Plaintiff's employments at HSBC Investments, or the termination thereof.

**Response:**  Plaintiff objects to this demand as vague and overly broad, and because it seeks irrelevant material not reasonably calculated to lead to admissible evidence. Plaintiff further objects to this request on the ground that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

4.  All notes, recordings, emails or documents relating or referring to any meetings or discussions between Myers and Joanny Munro, Steve Baker, Andrew Ireland, Bruce Pflug, Nancy Walsh, Karen Ferris, Thuy Nguyen, James Detmer, Olivier Gayno and Leon Goldfeld regarding an alternative position for Myers within HSBC.

**Response:**  Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

4

5. All documents, including but not limited to emails, resumes, letters, and facsimiles, regarding Plaintiff's efforts to find alternative employment at HSBC subsequent to receiving notification that his employment with HSBC Investments would be terminated.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

6. All documents supporting Plaintiff's claim that he applied for the following positions: Chief Investments Officer, Head of Third Party Distribution, Product Manager, Investment Specialist and Institutional Sales.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

7. All documents relating to or supporting Plaintiff's allegation that Defendants violated its employment policies.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the

5

attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

8.  All documents relating to or supporting Plaintiff's allegation that defendant HSBC Securities discriminated against him on the basis of his age.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

9.  All documents relating to or supporting Plaintiff's allegation that defendant HSBC Investments discriminated against him on the basis of his age.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

10. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Finance discriminated against him on the basis of his age.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information regarding a party which has been dismissed from this case, and refers to allegations that have been withdrawn.

11. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Holdings discriminated against him on the basis of his age.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information regarding a party which has been dismissed from this case, and refers to allegations that have been withdrawn.

12. All documents relating to or supporting Plaintiff's allegation that defendant HSBC North America Holdings discriminated against him on the basis of his age.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information regarding a party which has been dismissed from this case, and refers to allegations that have been withdrawn.

13. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Securities unlawfully retaliated against Plaintiff.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

14. All documents relating to or supporting Plaintiff's allegation that defendant HSBC

7

Investments unlawfully retaliated against Plaintiff.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

15. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Finance unlawfully retaliated against Plaintiff.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information regarding a party which has been dismissed from this case, and refers to allegations that have been withdrawn.

16. All documents relating to or supporting Plaintiff's allegation that defendant HSBC Holdings unlawfully retaliated against Plaintiff.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information regarding a party which has been dismissed from this case, and refers to allegations that have been withdrawn.

17. All documents relating to or supporting Plaintiff's allegation that defendant HSBC North America Holdings unlawfully retaliated against Plaintiff.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information regarding a party which has been dismissed from this case, and refers to allegations that have been withdrawn.

18.     All documents regarding or relating to any applications for employment submitted by Plaintiff or efforts by Plaintiff to find alternative employment in or around 2002 when his title changed from Chief Executive Officer of HSBC Investments to Head of Intermediary Sales.

**Response:**     Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

19.     All documents regarding or relating to any bonuses or awards that Plaintiff received while employed by HSBC Investments.

**Response:**     Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

20.     Any performance reviews or documents relating to Plaintiff's performance while he was employed by HSBC Investments.

**Response:**     Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or

prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

21. Any and all budgets, revenue projections, financial statements, and/or profit and loss statements for any department or division to which Plaintiff was assigned while he was employed by HSBC Investments.

**Response:** Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

22. All documents relating or referring to the performance of Myers's wholesaling team.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

23. All documents, including but not limited to all calendars, emails, memos or notes, relating to the meeting that occurred on or about December 11, 2006 where Myers's and the wholesaling team were notified that their positions were being eliminated.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce

any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

24. All documents, notes or memos relating to conversations or communications Plaintiff had with Steve Baker.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

25. All documents or notes relating to Plaintiff's allegation in Paragraph 59 of the Complaint that Bruce Pflug described Plaintiff as "a low risk choice for [the] project" and as having "integrity and focus".

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

26. All documents, including but not limited to all emails, notes, job descriptions and letters regarding the investment specialist positions referred to in the Complaint.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of

11

documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

27. All documents, including but not limited to all emails, notes, job descriptions and letters regarding the wholesaler positions referred to in the Complaint.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

28. All documents or notes relating to any discussions Myers had with Steven Plump about the Head of Third Party Distribution position, or any other matters related to the elimination of Myers' position, the wholesaling team or Myers's efforts to find alternative employment at HSBC.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

29.     All documents or notes relating to any discussions Myers had with John Schiro relating to the Institutional Sales position, or any other matters related to the elimiination of Myers' position, the wholesaling team or Myers's efforts to find alternative employment at HSBC.

**Response:**     Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

30.     All documents or notes relating to any discussions Plaintiff, or Plaintiff's counsel had with Richard Palmer regarding the elimination of Myers' position, the wholesaling team, COBRA coverage or Myers's efforts to find alternative employment at HSBC.

**Response:**     Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

31.     All documents, including but not limited to copies of all medical bills, receipts and invoices, supporting Plaintiff's allegation in Paragraph 88 of the Complaint that he incurred costs for COBRA premiums and other medical-related expenses.

**Response:**     Plaintiff objects to this demand to the extent that it seeks the production of

documents or information protected from disclosure by Federal and State privacy laws, and/or the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

32. All federal, state, and local income records of Plaintiff (including, without limitation, forms 1099, 1099-G, W-2, and W-2P) for each year from 1999 through present.

**Response:** Plaintiff objects to this demand as palpably improper, and because it is overly broad and seeks irrelevant material not reasonably calculated to lead to admissible evidence. Plaintiff further objects to this request on the ground that it seeks the production of documents or information protected from disclosure by Federal and State privacy laws, and/or the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure.

33. Copes of all federal, state, and local tax returns and personal net worth statements, prepared and/or filed for each year from 1999 through present, including all forms, schedules, exhibits, or other attachments thereto.

**Response:** Plaintiff objects to this demand as palpably improper, and because it is overly broad and seeks irrelevant material not reasonably calculated to lead to admissible evidence. Plaintiff further objects to this request on the ground that it seeks the production of documents or information protected from disclosure by Federal and State privacy laws, and/or by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure.

34. All documents, including but not limited to emails, resumes, letters and facsimiles, evidencing or relating to any efforts by Plaintiff to locate employment after December 7, 2006.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

35. All documents relating to any offers of employment made to Plaintiff from 1999 through present.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

36. All documents relating to any income derived by Plaintiff from January 27, 2007 to the present.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce

any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

37. All documents relating to any income that Plaintiff expects to or presently is entitled to earn in the future.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

38. All documents relating to or supporting any claim for damages alleged by Plaintiff in this action.

**Response:** Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

39. All documents concerning, relating to, or supporting any claims or injuries alleged in the Complaint.

**Response**: Plaintiff objects to this demand to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege and/or the

attorney work product doctrine, and/or any other applicable privilege or immunity from, or prohibition of, disclosure. Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within his possession, custody or control at a time to be mutually agreed upon by counsel for the parties.

Dated: New York, New York
      December 7, 2007

                              FENSTERSTOCK & PARTNERS LLP

                By: _____
                          Blair C. Fensterstock (BF2020)
                          Jeanne M. Valentine (JV3144)
                          Brooke K. Haley

                          30 Wall Street
                          New York, NY 10005
                          (212) 785-4100

                          *Attorneys for Plaintiff*