# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JOHN O. MYERS,

                             Plaintiff,

            – against –

HSBC INVESTMENTS (USA) INC., HSBC
NORTH AMERICA HOLDINGS INC., HSBC
SECURITIES (USA) INC., HSBC FINANCE
CORPORATION, and HSBC HOLDINGS PLC,

                           Defendants.
-------------------------------------------------------------x

Case No. 07-CV-4078 (RJH) (GWG)

**ECF CASE**

**AFFIDAVIT OF JOHN O. MYERS
IN SUPPORT OF PLAINTIFF'S
MOTION FOR A
PROTECTIVE ORDER**

STATE OF NEW YORK   )
                    )   ss:
COUNTY OF NEW YORK )

     JOHN O. MYERS, being duly sworn, deposes and says:

1.     I am the named Plaintiff in the captioned action. I submit this Affidavit in support of my Motion for a Protective Order. I make these statements upon personal knowledge.

2.     I commenced my employment as Chief Executive Officer at HSBC Asset Management (USA) on or about June 22, 1999. I continued as Chief Executive Officer until 2002, and eventually my title became Head of Intermediary Sales for HSBC Investments (USA). Shortly thereafter, the title of HSBC Asset Management (USA) was changed to HSBC Investments (USA) Inc. I continued in the position of Head of Intermediary Sales at HSBC Investments (USA) (hereinafter referred to as "HSBC") until I was fired in December 2006.

3.     I commenced this action in May 2007 because the Defendants engaged in acts of age discrimination when they wrongfully terminated my employment with HSBC and,

thereafter, I suffered retaliation for exercising my right to file a claim with the Equal Employment Opportunity Commission.

4.      I am in the habit of creating contemporaneous notes of meetings and conversations, regardless of whether these events are personal or professional in nature. I have been keeping notes of events for over 15 years. I have maintained my note-taking procedure prior to retaining attorneys concerning my employment with HSBC, and my note-taking has continued throughout the course of this litigation.

5.      My retention of attorneys in this matter altered my note taking habit to the extent that (a) my notes were written in a way to assist my attorneys in preparing for this litigation; (b) to provide them with developing facts; and (c) to request continuing legal advice. I would have taken notes regarding the significant events following my termination regardless of whether I was represented by counsel. The purpose of my notes is to record my immediate recollection of conversations and events so as to refer to them at a later time if necessary.

6.      After I retained counsel in December 2006, I continued to take notes of certain events and conversations, but recognized that these events and conversations were pertinent to the litigation. I recorded the facts, as I always do, but occasionally inserted comments to my attorneys with the purpose of pointing out my thoughts or comments on a particular issue and seeking legal advice on those thoughts or comments. The facts remained the facts, and my notes were drafted contemporaneously with the events, unless stated otherwise. Nearly all of my notes were drafted the day of or the day after the event.

7.      My comments to my legal counsel were intermittently dispersed throughout the notes as necessary to make clarifications, to request advice, or to respond to advice. My

notes, after I retained legal counsel, served to (1) memorialize facts contemporaneously with the event; and (2) communicate my thoughts or questions to my attorneys as related to the event that was the subject of the note.

8. I never expected my comments or thoughts or impressions, including questions and observations meant for solely my attorneys, to be disclosed to the lawyers for Defendants.

9. Annexed hereto is Appendix A, which I have reviewed. Appendix A accurately depicts those documents, with redactions highlighted, as produced to Defendants during discovery.

10. Each and every document listed on, and attached to Appendix A, are documents that were delivered to or from my attorneys, and served the dual purposes of (1) providing contemporaneous memorializations of on-going events concerning this litigation; (2) seeking legal counsel and advice directly relating to this case; and (3) advising my attorneys of developing facts to assist them in their deposition preparation.

11. The individuals who are listed as senders and/or recipients of the documents in Appendix A are identified as follows:

    a. John O. Myers, me, the Plaintiff in this action;

    b. Blair C. Fensterstock, my attorney of record in this action, who is the Managing Partner at Fensterstock & Partners LLP, whom I retained to represent me in this litigation;

    c. Louis A. Mangone, my personal attorney, whom I retained to provide me with legal counsel and advice concerning my employment at Defendant HSBC Investments (USA) Inc. I first retained Mr. Mangone in 2001 and 2002 with respect to my transition from CEO to Head of Intermediary Sales.

I then renewed my retention of Mr. Mangone on December 7, 2006, specifically in relation to my termination from HSBC;

d.      Brooke K. Haley, an associate attorney at Fensterstock & Partners LLP, whom I retained to represent me in this litigation;

e.      Jeanne M. Valentine, an associate attorney at Fensterstock & Partners LLP, whom I retained to represent me in this litigation; and

f.      Orwig2@aol.com, which is one of two of my personal email accounts, sometimes appears as "Mary Myers,"in the documents. Mary Myers is my wife. My other personal email account is Orwig1@aol.com.

12.     Tab 1 attached to Appendix A, Bates Numbers JM-P 384 A - JM-P 385 A, is a document I sent to my attorney, Lou Mangone, in December 2002. I communicated this document to Mr. Mangone for the purpose of discussing drafts of evaluations of my performance while I was employed at HSBC. During 2002, I was concerned about my employment at HSBC and retained Mr. Mangone for the specific purpose of receiving legal advice on matters concerning my employment. The redacted comments within this document reflect communications from me to Mr. Mangone in connection with my requests for legal advice. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

13.     Tab 2 attached to Appendix A, Bates Number 409 A, is a document sent from Mr. Mangone to my attorney Blair Fensterstock and me on January 10, 2007. Mr. Mangone is clearly expressing his thoughts and comments relating to our litigation strategy and recent events. The document to which Mr. Mangone is responding was sent by me to my attorneys specifically for the purpose of communicating the recent events (the facts, which was produced), and to receive my attorneys' comments

(which was redacted). The redacted comments within this document reflect communications by Mr. Mangone in connection with my legal strategy in prosecution of this action. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

14.    Tab 3 attached to Appendix A, Bates Number JM-P 416 A, is a document sent from me to my attorneys regarding the fact that an employee of the Defendants, Jim Detmer, called me about a position for which I applied at HSBC in an effort to avoid my termination. In this email, I detailed the words Mr. Detmer used in his voice mail message left for me. I stated the facts in this note to contemporaneously record this particular event since the subject of the call was in regard to a job interview within HSBC and is a prominent subject within this litigation. After I stated the facts contemporaneously, I then expressed my thoughts regarding this event and clearly requested legal advice from my attorneys in response to the facts as I presented them. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

15.    Tab 4 attached to Appendix A, Bates Number JM-P 681 A, is a document sent from me to my attorneys regarding the failure of HSBC to provide me with my last performance review, the fact of which serves as one of the bases for my claim of retaliation against the Defendants. I used this note to contemporaneously record the fact that as of the date of this note, January 19, 2007, I had still not received my performance evaluation as promised. After I recorded the date and the relevant facts, I then advised my attorneys about another document I found in relation to the claim and expressed my thoughts about the comparison of the events. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

16.     Tab 5 attached to Appendix A, Bates Number JM-P 691 A, is a document from me to my attorneys, regarding a meeting I had with a 40-year-old HSBC employee, John Schiro, who was chosen over me for a job for which a supervisor testified that I was "overqualified." The purpose of this note was to record the facts as told to me by Mr. Schiro regarding circumstances surrounding the jobs for which I applied at HSBC. Aside from the facts as stated and within this note, I conveyed my personal thoughts and concerns about the status of the hiring process within HSBC. Further, I made a concise statement about our litigation strategy in the last sentence of the first paragraph. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

17.     Tab 6 attached to Appendix A, Bates Number JM-P 695 A, is a document from me to my attorneys, regarding a meeting that was being planned between my supervisor at HSBC, Steve Baker, and me. I drafted this note to record what was said between Mr. Baker's assistant and me. After I memorialized my conversation with Mr. Baker's assistant in this note, rather than draft an entirely new e-mail to my lawyers, I clearly expressed my thoughts on the meeting and sought legal advice and guidance from my attorneys. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

18.     Tab 7 attached to Appendix A, Bates Number JM-P 701 A, is a document from me to my attorneys, mostly regarding a conversation I had with a former employee of HSBC, Art Gonsalves. The conversation related to hiring by HSBC, which is a central issue in this action. After detailing my conversation with Mr. Gonsalves in this note, I presented my thoughts about the circumstances at HSBC to my attorneys to assist with preparation for depositions and trial. Other than the facts as presented,

I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

19.     Tab 8 attached to Appendix A, Bates Number JM-P 702 A, is a document from me to my attorneys, regarding conversations I had with HSBC employees Nancy Walsh and John Schiro. In the e-mail, I noted the exact times of voicemails left between Ms. Walsh and me, after which I clearly expressed my thoughts on litigation strategy and requested legal advice from my attorneys. With respect to the attached note for the file regarding my conversation with Mr. Schiro, I predominately drafted this note to contemporaneously record my conversation with Mr. Schiro. At the end, I made certain points that were drafted toward the view that my attorneys would review my comments that were based on the facts as stated above. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

20.     Tab 9 attached to Appendix A, Bates Number JM-P 707 A, is a document from me to my attorneys, regarding a telephone call that was scheduled between Ms. Walsh, Mr. Detmer and me. I wrote this email to record my conversation with Ms. Walsh to arrange the call. The remainder of the document is material between my attorney and me, which I did not intend to be disclosed to the lawyers for the Defendants.

21.     Tab 10 attached to Appendix A, Bates Numbers JM-P 725 A - JM-P 726 A, is mostly a document from me to my attorneys, regarding events concerning HSBC employees. The purpose of this document was to record the conversations I had with these individuals contemporaneously with the events, and to provide insight to my lawyers in preparation of depositions and trial. The portion of the document which was disclosed in my document production was in direct response to Defendants' Document Demand No. 2, which requires that I produce documents concerning "All

communications with any present or former employee of any HSBC entity." The portions of the document that were produced redacted clearly contain my thoughts and impressions, and specifically seek legal advice from my attorneys. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

22.    Tab 11 attached to Appendix A, Bates Numbers JM-P 747 A, is mostly a document from me to my attorneys, regarding facts as presented to me by Debbie Caldwell, who was an employee of BISYS, which was under contract with HSBC to provide services. The purpose of this note was to record the discussion with Ms. Caldwell contemporaneously. After the note detailing the facts, I stated my opinion to my attorneys, to which they responded with comments. All facts were disclosed to Defendants' attorneys in response to their demands, and the redacted portions of this note were not disclosed since they were attorney-client communications. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

23.    Tab 12 attached to Appendix A, Bates Numbers JM-P 750 A, is a document from me to my attorneys, regarding facts as disclosed to me from an HSBC employee, Darshana Mehta, in regard to a position at HSBC for which I applied but was rejected and the job was subsequently offered to a 33-year-old person. This note was written to record the conversation I had with Ms. Mehta. In the course of conveying this information to my attorneys, I made comments about the facts as provided to me by Ms. Mehta, which were intended solely for the review of my attorneys. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

24.    Tab 13 attached to Appendix A, Bates Numbers JM-P 751 A - JM-P 752 A, is primarily a document from me to my attorneys, regarding a conversation I had with Mr. Schiro. The primary purpose of this note was to contemporaneously record our

discussion. Much of the information Mr. Schiro conveyed to me, however, had little or nothing to do with this litigation, and I frequently inserted my comments about the facts presented to me by Mr. Schiro and how those facts directly related to my claims against HSBC. My comments were not intended to be disclosed to the lawyers for Defendants.

25.     Tab 14 attached to Appendix A, Bates Number JM-P 773 A, is a document from me to my attorneys, regarding another conversation I had with Mr. Schiro. The predominant purpose of this note was to contemporaneously record the details of our conversation. I inserted my comments and thoughts about the facts presented to me by Mr. Schiro, or about issues of which I knew but were not directly discussed between Mr. Schiro and me during this particular discussion. My comments concerned how those facts directly related to my claims against HSBC, and were provided to assist in preparation for depositions and trial. My comments were not intended to be disclosed to the lawyers for Defendants.

26.     Tab 15 attached to Appendix A, Bates Number JM-P 781 A, is a document from me to my attorneys, regarding a conversation I had with HSBC employee Lori McNamara. The purpose of this note was to contemporaneously record the conversation between Ms. McNamara and me, but also served to provide my attorneys with my thoughts and comments on the facts presented by Ms. McNamara and how they may relate to my claims in this case, particularly with respect to preparation for depositoins and trial. My comments were not intended to be disclosed to the lawyers for Defendants.

27.     Tab 16 attached to Appendix A, Bates Number JM-P 784 A, is a document from me to my attorneys, regarding clarification of HSBC sales numbers since I was fired.

The primary purpose of this note was to record this information for my attorneys for the purpose of preparing for depositions and trial. All comments made by and/or to my attorneys were intended to be kept confidential.

28.     Tab 17 attached to Appendix A, Bates Number JM-P 793 A, is document sent from me to my attorneys regarding a phone conversation with Debbie Caldwell. I wrote this e-mail to record my conversation with Debbie Caldwell regarding the hiring by HSBC for a position for which I had also previously applied at HSCB in an effort to avoid my termination. The position and the subsequent hiring are a prominent issue in this litigation. After I recorded the contemporaneous facts of the conversation, I expressed my thoughts regarding the conversation, and requested legal advice in response to the facts as I presented them. I also inquired about litigation strategy. I did not intend for the redacted material to be disclosed to the lawyers for Defendants.

29.     Tab 18 attached to Appendix A, Bates Number JM-P 794 A, is document from me to my attorneys regarding a conversation I had with HSBC employees John Schiro and Lori McNamara. In the e-mail I recorded facts of the conversation relating to the conversation and hiring at HSBC, which is a central issue in this litigation. In addition to recording facts regarding HSBC hiring, I expressed my thoughts on the conversation in relation to the litigation and requested legal advice from my attorneys regarding litigation strategy based on the facts as I presented them. I did not intend for the redacted material to be disclosed to the lawyers for Defendants.

30.     Tab 19 attached to Appendix A, Bates Number JM-P 861 A, is a document from me to my attorneys regarding a phone call with Debbie Caldwell, which related to hiring at HSBC, a central issue in this litigation. In the e-mail I recorded the facts of the date, time and duration of the phone call. In addition to the facts of the phone call,

I presented my thoughts about the circumstances at HSBC to my attorneys to assist with their preparation for depositions and trial. Other then the facts as presented, I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

31.    Tab 20 attached to Appendix A, Bates Number JM-P 863 A, is a document from me to my attorneys regarding a phone call with Debbie Caldwell. The phone call related to hiring and circumstances at HSBC, which is a central issue in this litigation. In the e-mail, I recorded facts regarding the phone call. In addition to the contemporaneous facts of the phone call, I also requested legal advice from my attorneys regarding preparation for depositions and trial and requested legal advice based on the facts as I presented them. Other than the facts as presented, I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

32.    Tab 21 attached to Appendix A, Bates Number JM-P 396 A - JM-P 398 A, is a document from me to my attorneys regarding a phone call with HSBC employee Leon Goldfeld on January 8, 2007. The phone call related to a position for which I applied at HSBC in an effort to avoid my termination. I stated the facts of this conversation in this note to contemporaneously record this particular phone call because the subject of the call was in regard to a position for which I applied, and which is a prominent subject within this litigation. After I stated the date, time, and facts of the phone conversation, I expressed my thoughts regarding the facts of the phone call and requested legal advice from my attorneys in response to the facts as I presented them. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

33.    Tab 22 attached to Appendix A, Bates Number JM-P 402 A - JM-P 406 A is a

document sent by me to my attorneys regarding comments relating to my employment with HSBC. I created this document to record my job objectives, measures and comments. In addition to recording the facts relating to my employment with HSBC, I requested legal advice from my attorneys in response to the facts as presented, in order to prepare for depositions and trial. Other than the facts as presented, I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

34.     Tab 23 attached to Appendix A, Bates Number JM-P 417 A - JM-P 420 A, is a document sent from me to my attorneys regarding the fact that I met with an employee of Defendants, Jim Detmer, regarding a position that I applied for following my termination. I used this note to contemporaneously record the fact that I met with Jim Detmer on February 17, 2007.  After I recorded the date, length of meeting, and relevant facts, I then incorporated my notes from a previous meeting with another HSBC employee, Andy Ireland, regarding the same position. I then expressed my thoughts regarding this event, and this event in comparison to the previous meeting with Andy Ireland, and requested legal advice from my attorneys in response to the facts as I presented them. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

35.     Tab 24 attached to Appendix A, Bates Number JM-P 504 A - JM-P 505 A, is a document sent from me to my attorneys regarding the fact that I spoke with an employee of Defendants, Olivier Gayno, regarding a position for which I applied at HSBC in an effort to avoid my termination, on December 22, 2006. I stated the facts of this conversation in this note to contemporaneously record this particular phone call because the subject of the call was in regard to a position for which I applied, and

which is a prominent subject within this litigation. After I stated the date, time, and facts of the phone conversation, I requested legal advice from my attorneys in response to the facts as I presented them. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

36.     Tab 25 attached to Appendix A, Bates Number JM-P 506 A, is a document sent from me to my attorneys, regarding the fact that I had a conversation with an employee of Defendants, my immediate supervisor, Steve Baker, in which he made a comment which I viewed to be discriminatory regarding age, which is the predominant subject of this litigation. I stated the facts in this note to record my recollection of the particular conversation that had occurred previous to my recording the note. After I stated the date that I wrote the note and the facts of the conversation, I then expressed my thoughts regarding this conversation and requested legal advice from my attorneys in response to the facts as I presented them. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

37.     Tab 26 attached to Appendix A, Bates Number JM-P 509 A - JM-P 510 A, is a document sent from me to my attorneys, regarding the fact that an employee of Defendants, Bruce Pflug, approached me with a question, and we ultimately discussed a position for which I applied at HSBC in an effort to avoid my termination. I stated the facts in this note to contemporaneously record the events of the conversation since the subject of the conversation was in regard to a job for which I had applied, and which is a prominent subject within this litigation. After I stated the date and time of this conversation, as well as the facts contemporaneously, I then expressed my thoughts regarding this event and requested legal advice from my attorneys in response to the facts as I presented them. I did not intend for the

redacted material to be disclosed to the lawyers for the Defendants.

38.    Tab 27 attached to Appendix A, Bates Number JM-P 572 A - JM-P 574 A, is a
document sent from me to my attorneys, regarding the fact that an employee of
Defendants, and my immediate supervisor, Steve Baker and I met on January 12,
2007 regarding sales updates, job descriptions, and a position for which I had applied
at HSBC in an effort to avoid my termination. The discussion of job descriptions and
position at HSBC is a prominent subject within this litigation. I stated the date, time,
duration, and detailed facts in this note to contemporaneously record this particular
event since the subject matter was related to a prominent subject within this
litigation. After I stated the facts contemporaneously, I then expressed my thoughts
regarding this conversation and requested legal advice from my attorneys in response
to the facts as I presented them. I did not intend for the redacted material to be
disclosed to the lawyers for the Defendants.

39.    Tab 28 attached to Appendix A, Bates Number JM-P 638 A, is a document sent from
me to my attorneys regarding a conversation between and employee of Defendants,
Andy Ireland, and myself on January 16, 2007. The subject matter of the
conversation was a position at HSBC for which I had applied in order to avoid my
termination, and Andy Ireland's perceptions of my qualifications for that position,
both of which are prominent issues in this litigation. In this note, after I stated the
date, time and duration of this conversation, I contemporaneously recorded the facts
of the conversation relating to the HSBC position and my perceived qualifications.
After recording the contemporaneous facts of the conversation, I then expressed my
thoughts and reactions to the conversation and requested legal advice from my
attorneys in response to the facts as I presented them. I did not intend for the redacted

material to be disclosed to the lawyers for the Defendants.

40.  Tab 29 attached to Appendix A, Bates Number JM-P 767 A - JM-P 772 A, is a document sent from me to my attorneys regarding an interview for a job outside of HSBC, subsequent to my termination, the fact of which serves as evidence of mitigation of damages, and is a prominent issue in this litigation. After I recorded the date, time, duration of this interview, I contemporaneously recorded the facts regarding the interview. I also recorded details of a proprietary nature regarding AXA Distributors, a competitor of HSBC. After I recorded contemporaneous facts regarding the interview and proprietary details, I requested legal advice from my attorneys in response to the facts as I presented them. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

41.  Tab 30 attached to Appendix A, Bates Number JM-P 1361 A - JM-P 1362 A, is a document sent from me to my attorneys regarding a conversation with an employee of Defendants, Bruce Pflug on January 4, 2007 in which we discussed a position for which I applied at HSBC in an effort to avoid my termination. I stated the facts in this note to contemporaneously record the events of the conversation since the subject of the conversation was in regard to a job for which I had applied, and which is a prominent subject within this litigation. After I stated the date and time of this conversation, as well as the facts contemporaneously, I then expressed my thoughts regarding this event and requested legal advice from my attorneys in response to the facts as I presented them. I did not intend for the redacted material to be disclosed to the lawyers for the Defendants.

JOHN O. MYERS

Sworn to before me this
24 th day of April, 2008


Notary Public

JEANNE M. VALENTINE
New York State Notary Public
No. 02VA6053190
Qualified in Queens County
Commission Expires 1/02/20

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|-----|-----------|------|------|------|-----|-------------------|-------------|
| 1 | JM-P 384 A - JM-P 385 A | Email | 1/2/02 | J. Myers | L. Mangone | Attorney-Client Privilege | Redacted material discloses request for legal advice regarding performance evaluation and discloses facts communicated by client to attorney in connection with request for legal advice. |
| 2 | JM-P 409 A | Email | 1/10/07 | L. Mangone | B. Fensterstock J. Myers | Attorney-Client and Work Product | Redacted material reflects request for legal advice in connection with termination. Redacted material discloses facts communicated by client to attorneys in connection with request for legal advice. Redacted material reveals attorney's mental impressions and conclusions and advice. |
| 3 | JM-P 416 A | Email | 2/13/07 | J. Myers | B. Fensterstock L. Mangone B. Haley Orwig2@aol.com | Attorney-Client Privilege | Redacted material discloses request for legal advice regarding communication with HSBC employee. |

Page 1

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|---|---|---|---|---|---|---|---|
| 4 | JM-P 681 A | Email | 1/20/07 | B.Fensterstock | B. Haley | Attorney-Client Privilege Attorney Work Product | Redacted material discloses request for legal advice and discloses communication of facts and opinions by client to attorneys in connection with legal advice regarding interim review. Redacted material reflects attorney work product in anticipation of litigation. |
| 5 | JM-P 691 A | Email | 1/25/07 | J. Myers | B. Fensterstock L. Mangone B. Haley | Attorney-Client Privilege Work Product | Redacted material discloses a request for legal advice concerning unlawful termination and discloses facts and opinions communicated by client to attorneys in connection with a request for legal advice. |
| 6 | JM-P 695 A | Email | 1/30/07 | J. Myers | B. Fensterstock L. Mangone B. Haley Orwig2@aol.com | Attorney-Client Privilege Work Product | Redacted material discloses a request for legal advice concerning possible litigation and discloses facts and opinions communicated by client to attorney in connection with request for legal advice. Redacted material made in anticipation of litigation. |

Page 2

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|---|---|---|---|---|---|---|---|
| 7 | JM-P 701 A | Email | 2/26/07 | J. Myers | B. Fensterstock<br>L. Mangone<br>B. Haley<br>Orwig2@aol.com | Attorney-Client Privilege | Redacted material discloses a request for legal advice concerning unlawful termination and discloses facts and opinions communicated by client to attorneys in connection with a request for legal advice. |
| 8 | JM-P 702 A | Email | 2/27/07 | J. Myers | B. Fensterstock<br>L. Mangone<br>B. Haley<br>Orwig2@aol.com | Attorney-Client Privilege<br>Work Product | Redacted material discloses a request for legal advice concerning unlawful termination and the Equal Employment Opportunity Commission, and discloses facts and opinions communicated by client to attorneys in connection with a request for legal advice. Redacted material reflects preparation of work product in anticipation of litigation |
| 9 | JM-P 707 A | Email | 2/28/07 | J. Myers | B. Fensterstock<br>B. Haley<br>L. Mangone<br>Orwig2@aol.com | Attorney Work Product | Redacted material reveals attorney's mental impressions, opinions and legal advice regarding the filing of a discrimination charge |

Page 3

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|-----|-----------|------|------|------|-----|--------------------|-------------|
| 10 | JM-P 725 A - JM-P 726 A | Email | 3/21/07 | B. Fensterstock | B. Haley<br>L. Mangone<br>J. Myers | Attorney-Client Privilege Attorney Work Product | Redacted material discloses a request for legal advice concerning unlawful termination and insurance coverage, and discloses facts and opinions communicated by client to attorneys in connection with a request for legal advice. Redacted material reveals attorney's legal advice, mental impressions and conclusions regarding termination and insurance. |
| 11 | JM-P 747 A | Email | 4/9/07 | L. Mangone | B. Fensterstock | Attorney Work Product | Redacted material reveals attorney's mental impressions, conclusions and legal advice on dispute and/or litigation arising out of client's termination. |
| 12 | JM-P 750 A | Email | 4/30/07 | J. Myers | B. Fensterstock<br>L. Mangone<br>B. Haley<br>Orwig2@aol.com | Attorney-Client Privilege | Redacted material reflects request for legal advice regarding litigation arising out of termination and communicates facts disclosed by client to attorneys in connection with request for legal advice in regard to litigation. |

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|-----|-----------|------|------|------|-----|--------------------|-------------|
| 13 | JM-P 751 A - JM-P 752 A | Email | 5/1/07 | L. Mangone | J. Myers<br>B. Fensterstock<br>B. Haley | Attorney-Client Privilege<br>Attorney Work Product<br>Work Product | Redacted material discloses request for legal advice and discloses facts and opinions communicated by client to attorneys in connection with request for legal advice on litigation arising out of client's termination. Redacted material reveals attorney's mental impressions concerning litigation. Redacted material reflects preparation in anticipation of litigation. |
| 14 | JM-P 773 A | Email | 5/8/07 | J. Myers | B. Fensterstock<br>L. Mangone<br>B. Haley<br>Orwig2@aol.com | Attorney-Client Privilege<br>Work Product | Redacted material discloses request for legal advice regarding litigation arising out of termination and reveals facts and opinions communicated by client to attorneys in connection with request for legal advice in regard to litigation arising out of termination. |
| 15 | JM-P 781 A | Email | 5/16/07 | J. Myers | B. Fensterstock<br>L. Mangone<br>B. Haley<br>Orwig2@aol.com | Work Product | Redacted material reveals work product prepared in anticipation of litigation. |

Page 5

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|-----|-----------|------|------|------|-----|--------------------|-------------|
| 16 | JM-P 784 A | Email | 5/20/07 | J. Myers | B. Fensterstock<br>B. Haley<br>L. Mangone<br>Orwig2@aol.com | Attorney-Client Privilege<br>Attorney Work Product<br>Trial Preparation | Redacted material discloses request for legal advice and facts and opinions communicated by client to attorneys in connection with request for legal advice regarding litigation arising out of client's termination. Redacted material reveals attorney's mental impressions, conclusions, and legal advice concerning litigation arising out of client's termination. |
| 17 | JM-P 793 A | Email | 6/18/07 | J. Myers | B. Fensterstock<br>L. Mangone<br>B. Haley<br>Orwig2@aol.com | Attorney-Client Privilege<br>Work Product | Redacted material discloses request for legal advice and facts and opinions communicated by client to attorneys in connection with request for legal advice regarding litigation arising out of client's termination. Redacted material reveals work product prepared in anticipation of litigation. |

Page 6

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|-----|-----------|------|------|------|-----|--------------------|-------------|
| 18 | JM-P 794 A | Email | 8/24/07 | J. Myers | L. Mangone<br>J. Valentine<br>B. Haley<br>B. Fensterstock<br>Orwig2@aol.com | Attorney-Client Privilege<br>Attorney Work Product<br>Trial Preparation | Redacted material reflects request for legal advice regarding litigation arising out of termination and discloses facts communicated by client to attorneys in connection with request for legal advice. |
| 19 | JM-P 861 A | Email | 9/18/07 | J. Myers | B. Fensterstock<br>L. Mangone<br>J. Valentine<br>B. Haley<br>Orwig2@aol.com | Work Product | Redacted material reveals work product prepared in anticipation of litigation. |
| 20 | JM-P 863 A | Email | 10/10/07 | J. Myers | B. Fensterstock<br>L. Mangone<br>J. Valentine<br>B. Haley<br>Orwig2@aol.com | Attorney-Client Privilege | Redacted material reflects request for legal advice regarding litigation arising out of termination and discloses facts communicated by client to attorneys in connection with request for legal advice. |

Page 7

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|-----|-----------|------|------|------|-----|-------------------|-------------|
| 21 | JM-P 396 A - JM-P 398 A | Memo | 1/8/07 | J. Myers | B. Fensterstock | Attorney-Client Privilege Work Product | Redacted material discloses request for legal advice regarding possible litigation stemming from termination and discloses facts communicated by client to attorney in connection with a request for legal advice. Redacted material discloses work product prepared in anticipation of litigation stemming from termination. |
| 22 | JM-P 402 A - JM-P 406 A | Memo | Undated | J. Myers | B. Fensterstock | Attorney-Client Privilege Work Product | Redacted material discloses request for legal advice regarding client's termination. Redacted material discloses facts and opinions communicated by client to attorney in connection with request for legal advice. Redacted material reflects work product prepared in anticipation of litigation. |

Page 8

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|-----|-----------|------|------|------|-----|--------------------|-------------|
| 23 | JM-P 417 A - JM-P 420 A | Memo | 2/15/05 | J. Myers | B. Fensterstock | Attorney-Client Privilege Work Product | Redacted material reflects request for legal advice. Redacted material discloses facts and opinions communicated by client to attorney in connection with request for legal advice. Redacted material reflects preparation in anticipation of litigation. |
| 24 | JM-P 504 A - JM-P 505 A | Memo | 12/22/06 | J. Myers | B. Fensterstock | Attorney-Client Privilege Work Product | Redacted material reflects request for legal advice and discloses communication of facts and opinions by client to attorney in connection with request for legal advice. Redacted material reflects work product prepared in anticipation of litigation. |
| 25 | JM-P 506 A | Memo | 12/28/06 | J. Myers | B. Fensterstock | Attorney-Client Privilege Attorney Work Product Trial Preparation | Redacted material reflects request for legal advice and communication of facts and opinions by client to attorney in connection with request for legal advice. |

Page 9

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|-----|-----------|------|------|------|-----|--------------------|-------------|
| 26 | JM-P 509 A - JM-P 510 A | Memo | 1/4/07 | J. Myers | B. Fensterstock | Attorney-Client Privilege Work Product | Redacted material discloses request for legal advice and discloses communication of facts and opinions by client to attorney in connection with request for legal advice regarding termination. Redacted material reflects product prepared in anticipation of litigation. |
| 27 | JM-P 572 A - JM-P 574 A | Memo | 1/12/07 | J. Myers | B. Fensterstock | Attorney-Client Privilege Work Product | Redacted material reflects request for legal advice regarding termination and discloses communication of facts and opinions by client to attorney in connection with request for legal advice. Redacted material reflects preparation in anticipation of litigation. |
| 28 | JM-P 638 A | Memo | 1/16/07 | J. Myers | B. Fensterstock | Attorney-Client Privilege Work Product | Redacted material discloses request for legal advice and discloses communication of facts and opinions by client to attorney in connection with request for legal advice. Redacted material reflects preparation in anticipation of litigation. |

Page 10

APPENDIX A

John O. Myers v. HSBC et al.
2007 Civ. 4078 (RJH)(GWG)

| Tab | Bates No. | Type | Date | From | To | Privilege Asserted | Explanation |
|-----|-----------|------|------|------|-----|--------------------|-------------|
| 29 | JM-P 767 A - JM-P 772 A | Memo | 5/2/07 | J. Myers | B. Fensterstock | Attorney-Client Privilege Work Product | Redacted material discloses request for legal advice. Redacted material discloses facts and opinions communicated by client to attorney in connection with request for legal advice. Redacted material reveals preparation in anticipation of litigation. |
| 30 | JM-P 1361 A - JM-P 1362 A | Memo | 1/4/07 | | | Attorney Client Privilege Work Product | Redacted material reflects request for legal advice concerning litigation and discloses facts and opinions communicated by client to attorney in connection with request for legal advice. Redacted material reveals work product prepared in anticipation of litigation. |

Page 11

# TABS 1 - 30

# DOCUMENTS SUBMITTED TO COURT UNDER SEAL PURSUANT TO COURT ORDER OF MARCH 28, 2008